## BYRNES *vs.* HOYT.

Where a judgment rendered in favor of the plaintiff was reversed on a writ of error brought by the defendant, the latter was held to be entitled, in *scire facias*, to have execution for the amount he had paid, viz., the debt or damages and costs of suit, with the costs of the *scire facias* ; but not his own costs taxable against the plaintiff in the original suit had he prevailed.

THIS was a writ of *scire facias* in which the plaintiff sought his remedy against the defendant under the decision of this Court, upon writ of error, reversing a judgment recovered by the present defendant against the plaintiff. [*See* 2 *Fairf.* 475.] And the only question in the case was, whether the plaintiff should have execution for his costs taxed against the present defendant in the original suit.

*J. Granger,* for the plaintiff, contended that he was entitled to recover the costs in defence of the original action, and cited,

2 *Tidd's Pr.* 1136; *Cummings* v. *Noyes*, 10 *Mass.* 433; *White* v. *Palmer*, 4 *Mass.* 147.

*Chase*, for the defendant, cited, *Nelson* v. *Andrews*, 2 *Mass.* 164; *Brown* v. *Chase*, 4 *Mass.* 436; *Howe* v. *Gregory*, 1 *Mass.* 81; *Smith* v. *Franklin*, 1 *Mass.* 480; *Parker* v. *Harris*, 1 *Salk.* 262; *Clements* v. *Walker*, 4 *Burr.* 2156; *Cummings* v. *Sibley*, 4 *Burr.* 2490; *Bell* v. *Potts*, 5 *East*, 49; *Wheeler* v. *Roberts*, 7 *Cowen*, 536.

Weston C. J. — The rule laid down in *Parker* v. *Harris*, 1 *Salk.* 262, that where judgment is given for the plaintiff, and the defendant brings error, there shall only be judgment to reverse the former judgment, for it is to be eased and discharged of that only that the suit is brought, was cited as a subsisting one in *Clements* v. *Waller*, 4 *Burrow*, 2154, and was expressly recognised by *Lord Mansfield*, in *Cummings* v. *Sibley*, 4 *Burrow*, 2489. *Dane* also states this as a general rule, in his abridgment. 5 *Dane, ch.* 137, *art.* 13, § 23. And this we understand, upon inquiry, to have been our practice, which we are not at liberty to change, whatever it may have been elsewhere.

The plaintiff in error, then, by the reversal, is entitled to be restored to what he lost directly by the judgment, which he succeeded in reversing; and not to his costs in the original suit, to which he would have been entitled, if judgment had been rendered in his favor. This is the measure of relief, which our law allows to a defendant, aggrieved by an erroneous judgment. It restores to him what he has paid, but does not give him the costs, which if the right judgment had been originally rendered, he would have been entitled to have received.

As the amount paid by the plaintiff in scire facias, who was also plaintiff in error, appears of record, by the return of the original execution against him, he is to have judgment for that sum, with the costs of the present suit.