Ruffin, C. J.
 

 At the last Term of Anson Superior Court, William Bradley was convicted of an assault and battery, and was sentenced to pay a fine of one dollar, and 11 to be imprisoned in the public jail of Anson county for twelve months, and thereafter until the said fine and costs should be paid.” He was committed to the.custody of the sheriff of the county, and has been kept a close prisoner ever since, but has recently tendered to the sheriff a bond with sureties to keep within the rules of the prison, (which have been laid off by the County Court, and contain six acres,) and demanded of the sheriff to be let out of the prison. This was refused by the sheriff, upon the ground that he was required by the sentence to keep this person within the public jail.
 

 Upon an affidavit and petition of Bradley, stating those facts, he has applied for a
 
 Habeas
 
 Corpus, that he might be brought up and an order made for his enlargement, according to his application to the sheriff. His counsel, however, does not desire that he should be put to the expense and trouble of the writ, unless it should be thought that he is entitled to the liberty of the rules bounds.
 

 As I had an opportunity of consulting my brethren on the subject, I'have availed myself of it, and 1 now give our
 
 *544
 
 unanimous opinion, that the sheriff is bound to keep the ap-a c^ose Prisonei’‘ The application is founded on the act of 1741, Rev. St. c. 90, s. 11. It enacts, that “ for the preservation of the health of such persons as shall be committed to the county prisons, the court shall have power to mark out such a parcel of land, as they shall think fit, not exceeding six acres adjoining the prison, for
 
 the
 
 rules thereof ; and every prisoner not committed for treason or felony, shall have liberty to walk therein, out of prison, for the preservation of his or her health.”
 

 If there were no other objection to this application but its novelty, that would be sufficient. It is the first that has been made, as far as we have heard, since the act passed, which is now more than one hundred years. If this were an absolute right of all persons committed under sentence for misdemeanors, there can be no doubt, that it would have been long before claimed and constantly exercised.
 

 But we think the construction of the act is plainly against it. It seems to have been made hr reference to a known usage and regulation respecting prisons in the mother country. There, by “ Rules” of the several courts, debtors and prisoners for misdemeanors have the liberty of walking in the prison yards, or within such other limits as the courts prescribe for their respective prisoners, at such hours and on such days as “the rules” may designate. Those “grounds” came in time to be called the “rules of the prison,” because they were laid off and the prisoners had liberty of exercise therein by rule of court for that prison. In the same manner, and for the same purpose, the grounds
 
 are to be
 
 laid out adjoining our prisons. The courts “ shall have the power,” that is to say, they may lay off ground, little or much, but not to exceed six acres, adjoining the prison
 
 for the rules thereof.
 
 These last words, “for the rules thereof,” shew, that with each court it was left to make such rules respecting prisoners committed by it, as to the extent, periods and durations of enlargement out of close prison for exercise and health, as the situation of the prison, the season of the year,
 
 *545
 
 the clanger of escape or the character of the prisoners, or the enormity or mildness of their offences might suggest to the Court, restraining them, indeed, from allowing more than six acres in space to any prisoner, and from extending the liberty to traitors and felons, or persons committed as such. Hence also, the expression, that the prisoner may have liberty “ to
 
 walk
 
 therein for the preservation of his health,” which shews, that the Courts had the power to allow the prisoners merely the “ liberty of walking,” at particular hours, and require them still to have their abode in the prison. Such at first, was no doubt, the practice. Rut in laying out the bounds, the rules of the Court in modern days practically exempt persons committed in execution for debt, from any imprisonment' within the jail, bpr allowing them to walk, not for particular hours, but at all times of the day and night within the rules. As they are not required to eat or sleep in the prison, they are in effect allowed to live out of the-walls, provided they do not go out .of
 
 the rules.
 

 But with regard to persons committed under sentence for crimes, no rules have ever been passed. At least we have known of none ; and the applicant does not state that there is any such rule for Anson Superior Court. We do not say, that it might not be proper, in some cases, to grant to minor offenders the liberty of exercise and fresh air at reasonable times and for a moderate period. But that is, necessarily, as each Court may order in regard to its own prisoners; for as the imprisonment itself and. its duration is within the discretion of the Court, so must the degree of its vigor be, at least, as to the power of mitigating it within the extent allowed by the statute. The reason why no
 
 Regula Generalis
 
 has been adopted by the Court, doubtless, has been, that our Courts are not in the habit of sentencing convicts to imprisonment, unless in those cases in which the Courts think that, for the purposes of correction and example,' there should be actual imprisonment during the whole period. But if there be any general rule upon the subject in any Court, it would be under the control of that Court, whether each prisoner should or should not
 
 *546
 
 foe allowed the indulgence, and the sentence on this person
 
 “
 
 ^iat
 
 s^ia^
 
 imprisoned
 
 in
 
 the public jail of Anson for twelve months.” Of course, this prisoner cannot demand an enlargement out of prison, as a matter of right.
 

 As I should be under the necessity of remanding the prisoner, if brought up on
 
 habeas corpus,
 
 I decline issuing the writ at all, according to the suggestion of his counsel.