We concur in the opinion of his Honor. We are not apprised of any power in the judge to pronounce the judgment prayed for. All costs are given, in a court of law, in virtue of some statute. The common law made no provision on the subject, and in our State they are regulated by the statute of 1777, Rev. Stat., ch. 31, sec. 79, which declares that, "In all actions whatsoever the party in whose favor judgment shall be given, or in case of a nonsuit, dismission, or discontinuance, the defendant shall be entitled to full costs," etc. The judgment, which was rendered in favor of the plaintiff, was right and proper. This the defendant does not contradict, but says that he is entitled to his costs in defending himself upon the counts abandoned by the plaintiff. This, abstractly, is certainly right and proper. The plaintiff in his declaration has claimed from the defendant that which he subsequently admits he was not entitled to. The defendant was bound, at least was justified in preparing for his defense by summoning his witnesses, and the plaintiff, for his false clamor in that matter, ought to pay the costs to which the defendant has been unnecessarily put. This, it appears to me, is what right and justice would demand. But is (113) there any law which would justify the Court in rendering a judgment in such a case? The common law, as before observed, gives neither party any costs. Is there any statute which gives to a defendant his expenses, under such circumstances? I know of none. In the English courts the practice is urged by the defendant's counsel, but there it is by virtue, not of any statute, but of rules of court adopted by the judges. InHilary Term, in 2 William IV., a number of rules were adopted; among them the 7th makes a provision for a case of this kind. It is as follows: "Where there is more than one count, plea, etc., upon the record, and the party pleading fails to establish a distinct subject-matter of complaint or defense in respect of each count, plea, etc., a verdict and judgment shall pass against him upon each count, plea, etc., which he shall have so failed to establish, and he shall be liable to the other party for all the costs occasioned by such count, plea, etc., including those of the evidence as well as those of the pleading." Previous to the adoption of these rules, when the plaintiff succeeded upon a part of his demand only, the defendant was not entitled to costs upon the issues found for him. Brown on Actions, 167, 580, 581, 582. By those rules, however, the court is required in such cases to give him a judgment. The act of 1777, with the exception of the restraining statutes, is the *Page 86 
only one governing the courts in the question of costs. And in that act the right of the defendant to them in the event of a nonsuit, dismission, or discontinuance is restrained to the case where, by either of those means, the suit is terminated. It is our opinion the act of '77 does not authorize the court to grant the judgment asked for by the defendant. Judgment having been rendered for the plaintiff, he is entitled to his full costs. Not to his costs upon the expunged counts, for they form no part of the declaration; and we have seen that previous to the (114) adoption of the rules at Hilary Term, if those counts had still constituted a part of the declaration, that the defendant would not have been entitled to costs upon them, though the verdict upon them had been for him. For this reason it is not deemed necessary to express any opinion as to the power of the court below to admit or refuse to the plaintiff to enter a nolle prosequi to any of the counts of his declaration. The defendant has not, as to the question now before us, been placed in any worse situation than he would have been had those counts remained in the declaration. As no injury, therefore, has resulted to the defendant by the allowing the nol. pros. to be entered, this count would not disturb the judgment, although the judge below may have erred in permitting it. Numerous decisions have been made here upon that principle.Norwood v. Morrow, 20 N.C. 578; Reynolds v. Magness, 24 N.C. 26;Ratliff v. Huntley, 26 N.C. 545.