R. R. ROBERTS et al. v. K. LEWALD et al.

*Printing Record—Costs—Appeal.*

1. The costs of preparing and transmitting the transcript of a record on appeal to this Court are not costs in this Court, but in the Court below, where the necessary orders and judgments for their payment and recovery should be entered.

2. The successful party on appeal will not be allowed to recover costs for printing record in excess of the amount prescribed by Rule 31, except in extraordinary cases where the necessity for such printing is made to appear.

MOTION of plaintiff in this Court to re-tax costs.

*Mr. J. W. Hinsdale,* for petitioners.
*Mr. T. H. Sutton,* for defendants.

CLARK, J.: The·plaintiffs, in whose favor this cause was decided at last term (107 N. C., 305), move to re-tax the bill of costs so as to allow—

1. The sum of $29.05, paid the Clerk of the Court below for preparing the transcript of the record on appeal.

2. The sum of $24.20, paid by appellant for printing the transcript, in excess of the amount already allowed and taxed for printing the maximum of twenty pages, under Rule 31.

*The Code,* § 551, requires the Clerk below to make out and transmit the transcript of the record to this Court, but not unless his fees therefor are paid by the appellant. *Andrews* v. *Whisnant,* 83 N. C., 446; *Bailey* v. *Brown,* 105 N. C., 127. Such costs, like that of the filing and justification of the appeal bond and of transmitting the record here, and the like, are no part of the costs of this Court. They accrued anterior to docketing the case in this Court. While no part of the costs of the trial, they are none the less a part of the costs below, and their recovery must be adjudged by appropriate orders of the Judge of that Court.

The Rule (29) requires the printing of the " statement of case " and of " the exceptions appearing in the record to be reviewed by the Court." Rule 30 excepts criminal cases and appeals *in forma pauperis.* Rule 31 restricts the amount of printing allowed to be recovered in the costs to a maximum of twenty pages of the transcript of the record, unless otherwise specially allowed by the Court; and the Court by Rule 32 may order additional parts of the record to be printed. From this it will be seen that the rules only require the statement of the case on appeal, and such other parts of the record as present exceptions for review, to be printed; and that the Court deemed, as a general rule, that twenty pages would be amply sufficient for that purpose, reserving, however, the right to allow, in extraordinary cases, the appellant, if successful, to recover for the printing of a greater number of pages. In proper cases this the Court will allow; but such cases are, in fact, unusual. We learn from our Clerk that the average cost of printing transcripts on appeal is

between four and five dollars, the cost in a majority of cases being less than that, and in a few above it. In looking into the printed record in the present case, we find that the "statement of case on appeal" occupies only two pages. A most liberal allowance for "the other matters required to be reviewed by the Court" will not entitle the plaintiff to recover in all for more than the twenty pages for which he has already been allowed. The plaintiff, in causing fifty-six pages to be printed, acted improvidently, and cannot expect the appellee to bear the expense of the unnecessary printing. While the Court, in all proper cases, will certainly allow for printed matter in excess of twenty pages, it will not tax the losing party with needless expense. The rule requiring (except in criminal and pauper appeals) the printing of the "case on appeal," and the other parts of the record necessary to be reviewed, is a necessity, and on an average costs in each case less than one-third of the tax fee formerly allowed. It is a rule that benefits litigants and their counsel, as well as the Court, by permitting the more careful as well as the more prompt consideration of appeals. But the Court will not allow a beneficial and necessary requirement to be abused by saddling parties with unnecessary expense.

Motion denied.