### DOBSON v. SOUTHERN RAILWAY COMPANY.

(Filed December 15, 1903.)

COSTS—*Case on Appeal—Transcript—Supreme Court—Record—Superior Court—The Code, secs. 968, 540.*

> The successful party on appeal from the superior court is entitled to recover back the costs of the transcript and certificate, though subsequently final judgment is rendered in the lower court against him.

ACTION by Dobson & Whitley against the Southern Railway Company, heard by Judge *B. F. Long,* at August Term, 1903, of the Superior Court of McDOWELL County. From a judgment for the plaintiff the defendant appealed.

*E. J. Justice,* for the plaintiff.
*S. J. Erwin,* for the defendant.

CLARK, C. J. At August Term, 1901, of the Court below and again at February Term, 1903, the plaintiff recovered judgment in this action against the defendant, and on appeal in both instances a new trial was granted. At the third trial below, August Term, 1903, the plaintiff again recovered

judgment. The defendant, however, moved for judgment against the plaintiff for the costs which it had paid the Clerk for preparing and certifying the transcript of the record on each of the above-mentioned appeals. This motion was refused and the defendant appealed.

In *Roberts v. Lewald,* 108 N. C., 405, it is held that "the costs of preparing and transmitting the transcript of a record on appeal to this Court are not costs in this Court, but in the Court below." The Court said: "They accrued anterior to docketing the case in this Court. While no part of the costs of the trial, they are none the less a part of the costs below, and their recovery must be adjudged by appropriate orders of the Judge of that Court." They have never been treated as costs of this Court, nor included in executions issuing for such. The Code, section 968, provides that "the Clerk of the Supreme Court shall issue execution for the costs incurred in that Court." The costs of making transcripts of records on appeal and certificates thereto are not "incurred in the Supreme Court," but in the Superior Court, and are paid to the Clerk of that Court.

The costs in the Superior Court, as a rule, abide the final result in that Court, but there are exceptions, as, for instance, when a continuance is granted upon terms of the payment of the costs of a term or of the costs up to date. These are not recovered back in final judgment, although the party obtaining the continuance may be finally successful in the action; else the terms imposed on him for some default would be illusory. Nor are the costs of an appeal in which a new trial is ordered to be recovered back, because, as in this case, the successful appellant loses in the final judgment. The Superior Court cannot reverse the judgment of the Supreme Court as to the payment of costs of the appeal. *Johnston v. Railroad,* 109 N. C., 504; nor ought a successful appellant

133——40

to be made to pay the costs of correcting an error by his appeal because he finally loses on the merits.

While the costs of making the transcript and certificate of record on appeal are not a part of the costs of the Supreme Court, they are a part of the necessary costs of the appeal, and not strictly costs of the Superior Court incident to the trial and procedure in that Court. Hence the successful appellant who has paid them is entitled to recover them from the appellee, and, like costs paid for a continuance (though these last are strictly costs of the trial Court), they are not recoverable back in the final judgment should it go in favor of the opposite party. The Code, section 540, provides that when an appellant is successful in his appeal he shall recover not only the costs in the appellate Court but also "restitution of any costs of the Court appealed from which he shall have paid under the erroneous judgment of such Court." This covers the cost of the transcript and certificate. Whether it does not also cover all the costs incident to the trial at which the erroneous judgment was entered and which was set aside by the appeal is an interesting question not before us.

In refusing the appellant judgment for costs of the transcript and certificate in the appeals in which it has been successful there was

Error.