At the first trial of the case judgment was entered for the defendants upon a verdict in their favor and plaintiff appealed. This Court granted a new trial for error in the refusal of the Judge to give instructions.136 N.C. 58. At the second trial, the defendants again recovered and in the judgment the Court taxed the plaintiff with all the costs of the defendants in the action, except the costs of the appeal to this Court, which included the cost of the transcript and certificate. Plaintiff excepted and appealed upon the ground that he was not taxable with any of the costs of the first trial.
The contention of the (18) plaintiff is that, as a new trial was granted in his first appeal, he cannot be taxed with any of the costs of the former trial. The matter of costs is regulated solely by the statute and the correctness of plaintiff's contention depends, therefore, upon what is its true construction, and must be determined by its meaning. By section 525 of The Code, costs are allowed, of course, to the plaintiff, upon recovery, in cases of which a justice of the peace has no jurisdiction. This action was of that character, it being one brought for the purpose of subjecting land to the payment of intestate's debts. By section 526, costs are allowed, of course, to the defendant, unless the plaintiff be entitled to recover them. These are the general provisions of the statute relating to the taxation of costs. Sections 527 and 540 provide for the costs in appellate courts, and give the Court a discretion in respect to the taxation of such costs when a new trial is ordered or the judgment of the lower Court is not wholly reversed. These provisions need no special consideration in this case, as plaintiff has been allowed all the costs of his first appeal. It will be observed that by section 525 the condition precedent to the plaintiff's right to costs is that he shall recover in the action. It is perfectly clear that this recovery, in a case like the one under consideration, refers to a final determination upon the merits. The plaintiff has never "recovered" in this action in any sense. He was successful in this Court to *Page 46 
the extent of obtaining a new trial, but that by no means was equivalent to a recovery in the Court below. This Court merely ordered a new trial and in that state of the case neither party had "recovered" in the action and the question of costs was left open to be settled by the result of the final trial of the case. Plaintiff relics on a provision of section 540 of The Code to the effect that, if the appellant recovers judgment in the appellate court, he shall be allowed the costs of that court and such costs as he should have recovered in the court below had the judgment of that court been correct, and he shall have restitution of any costs of (19) the lower court which he shall have paid under its erroneous judgment. The first part of this provision manifestly refers not only to a reversal of the judgment below, but to a judgment in favor of the appellant on the merits and not merely to an order for a new trial.Ellert v. Kelly, 4 E. D. Smith (N. Y.), 12. The trial court cannot ordinarily tax the costs of an action in favor of either party unless there is a judgment, costs being an incident of the judgment. What is said by the Court in Dobson v. R. R., 133 N.C. 626, and quoted by plaintiff's counsel in their brief, refers to the latter branch of section 540, relating to restitution of any costs which have been actually paid by the appellant in the court below. The hypothetical question there stated is not even now presented. We are not to decide whether, if plaintiff had paid any of the costs in the lower court, he was entitled to have the amount so paid restored to him when the new trial was ordered, but whether his liability for all of defendant's costs is to be determined by the result of the action. We think the view we have taken of the statute is sustained by the authorities. In S. v. Horne, 119 N.C. 853, the defendant was convicted and appealed. A new trial was ordered and he was acquitted. There was an appeal by the county commissioners from so much of the judgment of the court as taxed the county with the costs of the trial in which the defendant was convicted. In passing upon the exception to the judgment, the Court, by Clark, J., says: "There is no exception in State cases to the rule prevailing in civil cases, that the costs follow the result of the final judgment." That case is in principle like ours. It declares the true and only test of liability for costs to be the nature of the final judgment, the party cast in the suit being the one upon whom the costs must fall. The same rule was stated and enforced in Kincaid v.Graham, 92 N.C. 154. The defendant claimed a credit of fifty dollars on the debt, the subject of the action, which, if applied, would still (20) leave a balance due the plaintiff. The sole issue in the justice's court was based upon this claim. Defendant lost in that court and appealed. He won in the appellate court, but this court held that he must nevertheless pay the costs of that court and the decision was *Page 47 
reached by a construction of section 540, upon which plaintiff in this case relics, namely, "if the appellant shall recover judgment in the appellate court, he shall recover the cost of that court and those he ought to have recovered below, had the judgment of that court been correct." As the defendant did not recover in the action, though he succeeded upon the only issue raised in the appeal, the court held the plaintiff, in whose favor final judgment was rendered, was entitled to his costs. Indeed in Dobson v. R. R., supra, a case cited by the appellant and already referred to by us on another point, it is laid down as the rule that costs of the lower court abide the final result in that tribunal with a few exceptions not embracing our case. x It may be taken as settled, therefore, by this court that no part of the costs of an action can be taxed against the party recovering judgment, save in a few exceptional instances not within the general principle which governs this case. Wail v. Covington, 76 N.C. 150; Horton v. Home, 99 N.C. 219;Field v. Wheeler, 120 N.C.; 264. In Bruner v. Threadgill,93 N.C. 225, plaintiff's action was to redeem a mortgage by a sale of the premises, and certain disputed matters of account were referred, upon all of which decision was given in favor of defendant by the referee. Plaintiff mortgagor was held entitled to recover his costs, although a balance was found due the defendant mortgagee. To the same effect are Pattersonv. Ramsey, 136 N.C. 561; Wooten v. Waiters, 110 N.C. 251; Ferrabowv. Green, ibid., 414. The same construction has been placed upon similar statutes in the courts of other States. In Ellert v. Kelly, 4 B. D. Smith (N. Y.), 12, the very point made in this case was presented and the court held, that where judgment was reversed in the appellate court, the appellant was not entitled to any of the costs in the lower court, not relating to the appeal, without an award, in (21) addition to the reversal of judgment for him upon the merits. The result of the case is thus stated: "There has been no final determination between the parties. It does not appear that the appellant has lost the cost (which he incurred in the court below) by reason of the erroneous judgment. Nonconstat that he would have recovered those costs if the error had not been committed. The judgment might have been against him if the errors had not occurred. The fact that errors were committed was a sufficient reason for relieving him from the judgment itself. But the reversal did not adjudge directly, nor by implication, that the defendant was not liable at all." This accords precisely with our present view of the matter and the principle settled by our former decisions. In the following cases the identical question was presented and decided in the same way, with this added observation that, if there 15 no judgment on the merits directly in favor of the plaintiff in error *Page 48 
(appellant under our system of pleading and practice), but the original action, in any form, is still to go on, the costs of the court below must abide the final issue of the cause. Gosling v. Acker, 2 Hill, 391; L. V. R.R. v. McFarland, 44 N.J. Law, 674; Byrnes v. Hoyt, 12 Me. 458. In the case last cited the Court said: "The plaintiff in error, then, by the reversal, is entitled to be restored to what he lost directly by the judgment, which he succeeded in reversing; and not to his costs in the original suit, to which he would have been entitled, if judgment had been rendered in his favor. This is the measure of relief which our law allows to a defendant aggrieved by an erroneous judgment."
The rule is stated in Cartwright p. Sale, 16 Ohio, 316, with special application to facts such as we have in this case. "The judgment of reversal or affirmance only embraces the costs made under the (22) proceeding or writ of error. In case of affirmance there has already been a judgment for the costs of the original proceeding; on reversal the costs of the original proceeding must abide the event of the suit." Where a judgment was reversed and the case remanded with an unconditional mandate for a new trial, it was erroneous to allow appellant, afterwards, any part of the costs of the former trial. Garrison v.Singleton, 5 Dana (Ky.), 160. Authorities are quite abundant to the same purport. 5 Enc. Pl. Pr., 122, and notes. Applying to the facts of our case this familiar rule, that costs follow the judgment, and are to be taxed against the defeated party, we can find no error in the judgment of the Court.
We have discussed the question more at length than we would otherwise have done, because of the strenuous insistence of learned counsel that the meaning of the statute is the reverse of that we have adopted. It is proper, though, that we should remove doubts which seem to exist with some as to what costs are taxable in cases like this by declaring the rule which should govern, with a full statement of our reasons therefor, so that the practice may be clearly settled, if possible, once for all, as the question may be one of frequent recurrence.
No error.
Cited: Hollingsworth v. Skelding, 142 N.C. 251; Metal Co. v. R. R.,145 N.C. 299; Smith v. R. R., 148 N.C. 335; Cotton Mills v. HosieryMills, 154 N.C. 467. *Page 49