JOHN T. SMITH v. CASHIE AND CHOWAN RAILROAD AND LUMBER COMPANY.

(Filed 16 September, 1908.)

1. **Appeal and Error—Costs of Superior Court—Final Judgment.**
    With but a few exceptions, as, for instance, where continuances are granted upon agreements, or judgment, that a party pay costs, the costs of the Superior Court follow final judgment.

2. **Same—Successful Appeal—Costs, an Offset to Final Judgment—Transcript and Certificate.**
    When plaintiff recovers final judgment in the Superior Court after two successful appeals by defendant, the costs of all the trials in the Superior Court should be taxed against the defendant, but it is entitled to offset against the final recovery all the costs properly paid by it on its successful appeals, including the transcript and certificates.

MOTION to tax costs, heard by *W. R. Allen, J.,* who found the facts by consent, at November Term, 1907, of BERTIE.

Defendant appealed.

*Day, Bell & Dunn* and *Murray Allen* for plaintiff.
*Winston & Matthews* and *St. Leon Scull* for defendant.

CLARK, C. J.  This case has been here twice before upon the defendant's appeal (140 N. C., 375, and 142 N. C., 26). On this last (third) trial below the plaintiff again recovered judgment, and the defendant sought to offset against the recovery the costs it had paid in the Superior Court on the two former trials, whose results had been corrected on appeal, especially the costs paid the Clerk for making out the transcripts for those appeals.  In effect, the defendant moved to tax the costs of those trials and of the transcripts thereof against the plaintiff.

The court properly refused to grant the motion as to the costs of the Superior Court on the two former trials.  "The costs (of the trial court) follow the result of the final judgment."  *Williams v. Hughes,* 139 N. C., 19, citing *State v. Horne,* 119 N. C., 853; *Kincaid v. Graham,* 92 N. C., 154. With a few exceptional instances (set out in *Dobson v. Railroad,* 133 N. C., 624), the party who recovers final judgment in the trial court recovers all the costs of that court. It is true that the costs of transcript and certificate are not part of the costs of this Court.  *Roberts v. Lewald,* 108 N. C., 405.  Yet it is said in *Dobson v. Railroad, supra,* that "they are a part of the necessary costs of the appeal, and not strictly costs of the Superior Court incident to the trial and procedure in that court.  Hence the successful appellant who has paid them is entitled to recover them from the appellee, and  *  *  *  they are not recoverable back in the final judgment, should it go in favor of the opposite party.  The Code, sec. 540."

It follows that, if the defendant did not actually recover the costs of transcripts and certificates paid by it on the two former successful appeals, it is entitled to have those sums deducted from the costs now taxed against it in favor of the plaintiff.  Such costs are like the costs of this Court

on said appeal, which, paid by the unsuccessful plaintiff-appellee, cannot be recovered back by him, though he now recovers final judgment in the controversy. Indeed, the costs of defendant in the two appeals had not been actually paid by plaintiff, but the Judge properly allowed them to be deducted from the plaintiff's judgment.

The judgment is

Modified and Affirmed.