O. K. LaROQUE ET AL. v. W. L. KENNEDY ET AL.

(Filed 19 March, 1913.)

1. Appeal and Error—Former Decision of the Supreme Court—Review—Motion to Rehear—Practice.

A decision of the Supreme Court may not be reviewed in a subsequent appeal in the same action; the remedy is by petition to rehear.

2. Married Women—Judgments—Costs—Contracts.

> The adjudication of costs against the losing party to an action is not contractual, but the creature of statute, and therefore bears no relation to the law regulating the liability of married women under their executory contracts.

3. Married Women—Judgments—Costs—Execution Against Lands.

> Where a nonresident married woman has unsuccessfully prosecuted her action, and costs are taxed against her, execution may be issued on her lands situated here.

Appeal by plaintiffs from *Carter, J.,* at November Term, 1912, of Lenior.

This action was commenced to recover damages for ponding water on the land of the *feme* plaintiff, and was tried at January Term, 1911, of the Superior Court of Lenoir County.

The verdict of the jury was against the plaintiff, and judgment was rendered thereon, adjudging, among other things, that the plaintiff pay the defendant's costs.

The defendant, at said term, moved the court that the judgment for costs be made a charge upon the separate estate of the plaintiff, and that a certain amount paid by him to the surveyor be taxed as costs. Both motions of the defendant were denied, and he excepted.

The plaintiff and the defendant appealed from the judgment, and this Court affirmed the judgment on the plaintiff's appeal, and reversed it on the defendant's appeal, on the item as to amount paid the surveyor, and not otherwise. Judgment was then entered in the Superior Court, determining the amount to be taxed in the bill of costs for fees paid the surveyor, and adjudging that the plaintiff pay the costs.

The said plaintiff is a nonresident, and it appearing that she did not have sufficient personal property in this State to satisfy said judgment, execution was issued thereon, and her land was advertised for sale thereunder.

The plaintiff then applied for an order to restrain such sale, upon the ground of the invalidity of the judgment, she being a married woman, which was refused, and she appealed.

*Loftin & Dawson, L. R. Varser, and G. V. Cowper for plaintiff.*

*Rouse & Land for defendant.*

LaRoque v. Kennedy.

ALLEN, J. When this case was here upon the former appeal (156 N. C., 374) we said: "The defendant was not entitled to have the judgment for costs made a charge against the separate estate of the *feme* plaintiff. The ordinary judgment for costs was rendered against her, which was proper."

If the plaintiff was not satisfied with this adjudication, her remedy was by petition to rehear, as she cannot present the same question for review upon a second appeal. *Roberts v. Baldwin,* 155 N. C., 279.

If, however, the question was *res integra,* we would not doubt the liability of the plaintiff.

She is a party and is suing to recover damages to her property under a statute which permits her to sue alone, without the joinder of her husband (*Graves v. Howard,* 159 N. C., 594), and costs are not contractual, but the creature of the statute. *Costin v. Baxter,* 29 N. C., 111; *Clerk's Office v. Commissioners,* 121 N. C., 29.

The capacity of a married woman to contract is not involved. She has used the court and its process to enforce a claim, and having failed in her action, the statute imposes upon her, as it does upon all parties in cases like this, liability for the incidental expenses.

The question has been decided in other jurisdictions, and upon the ground that, when by statute the married woman may sue alone, she must suffer the same penalty as other litigants. 5 Ency. Pl. and Pr., 156; *Hardin v. Holton,* 50 Ind., 324; *Hayes v. Insurance Co.,* 76 Va., 228; *Askew v. Renfroe,* 81 Ala., 361.

In the *Indiana case* the Court says: "It is objected that the judgment for costs against the plaintiff is erroneous, because she was a married woman. This objection we hold to be utterly untenable. A married woman may, under our statute, bring a suit in her own name for her separate or individual property, but if she fails to establish her right to maintain her action, she must take the liabilities for costs of all other persons in such a case as this."

There is no error.

Affirmed.