FRANK WALDO ET AL. v. W. L. WILSON.

(Filed 12 December, 1917.)

**Appeal and Error—Rehearing—New Trials—Costs—Printed Record—Rules of Court.**

Where, upon a rehearing, the court grants a new trial, which was refused on the former hearing, all the costs of the appeal, including those of the rehearing, are properly taxed against the appellee. In this case, the general rule confining the costs to 60 pages of printed record, is enforced.

MOTION to retax costs in above case.

PER CURIAM. This appeal was heard at last term, and the judgment affirmed. A petition to rehear was filed by plaintiff in apt time and considered by us at present term, and was allowed. The judgment of affirmance of the last term was set aside and a new trial ordered. The plaintiff now moves that the costs be taxed against defendant.

This follows as a matter of course. The former judgment of this Court having been reversed and a new trial ordered, the defendant appellee is required to pay all the costs of this Court, including the costs incurred by the rehearing. The plaintiff also asks that the costs of printing the entire transcript of the record on appeal be taxed against defendant "as the said printed transcript was agreed to by counsel for defendant."

Rule No. 31 of this Court provides, as now amended, that the actual cost of printing the transcript on appeal shall be allowed to the successful party not to exceed 85 cents per page of one copy of the printed transcript and not exceeding 60 pages of the above specified size and type unless otherwise especially ordered by the Court. We see no reason for departing from the general rule in this case.

There were two main questions presented for the consideration of the Court. One was the validity of the defendant's grant, based on entry 6317. The other matter presented to the Court related to color of title and adverse possession. A large part of the transcript is taken up with entries, grants and records bearing upon the first proposition, and which would have been unnecessary in presenting only the last contention. Inasmuch as the Court affirmed its former opinion in regard to the validity of the defendant's grant based upon entry 6317, and ordered a new trial only as to the claim of color and adverse possession, we see no reason for departing from the general rule. This rule confines the transcript to 60 pages and is intended to prevent filling the transcript with a great deal of unnecessary matter.

If the appellant permits it to go in, he runs the risk of having to pay for the unnecessary printing. In this case there is much unnecessary printing in the record. We deny the motion upon the ground that a large part of it relates to a matter upon which the appellant failed to establish his contentions, although he secured a new trial.