FRANK WALDO ET AL. v. W. L. WILSON.

(Filed 27 May, 1919.)

1. **Costs—Transcript—Motions—Judgments—Jurisdiction.**

The costs of preparing and transmitting the record on appeal to the Supreme Court are costs of the Superior Court, and therein motions, orders or judgments affecting or taxing them should be made.

2. **Same—Copying Transcript—Printing Record—Unnecessary Matter.**

Where it was formerly adjudged in the Supreme Court that the appellant had put into the printed record immaterial and irrelevant matter, which was not set up at the appellee's instance, and not taxable against the latter in taxing the costs of the appeal against him, and there is a later appeal from an order of the Superior Court taxing the defendant for the copying of such immaterial and irrelevant matter appearing in the transcript of the case sent up: *Held*, Rule 22, of the Supreme Court applies to the copying as well as printing the unnecessary matter, and the order appealed from will be reversed.

3. **Same—Appeal and Error—Prosecution Bond—Duty of Courts—Statutes. —Rules of Court.**

The taxing of costs of an action is a creature of statute in contemplation of which each party pays his own costs as the cause proceeds, the prosecution bond being for the security of such costs as the defendant may have wrongfully been compelled to pay, and it is the duty of the Court to prevent imposition therein. Therefore an appeal will lie from an order taxing costs of an action made by the Superior Court judge. Supreme Court Rules 19, 21, 22, 31.

APPEAL by defendant from *Ferguson, J.*, at September Term, 1918, of GRAHAM.

This is an appeal from an order taxing the defendant with the entire cost of copying the transcript on the plaintiffs' appeal to the Supreme Court, 173 N. C., 690; *S. c.*, 174 N. C., 767.

*James H. Merrimon for plaintiffs.*
*Martin, Rollins & Wright for defendant.*

CLARK, C. J. There was a motion in this cause, *Waldo v. Wilson,* 174 N. C., 767, to retax the costs by allowing the plaintiffs to recover the entire costs of printing the record (238 pages) notwithstanding the general rule confined the allowance of costs for printing to sixty pages of printed matter. Rule 31, 174 N. C., 836. This was denied upon the ground as therein stated, that "A large part of the record as printed related to a matter upon which the appellant failed to establish his contentions, although he secured a new trial."

In the Superior Court, when the case went back, the plaintiffs filed a motion and obtained an order to tax against the defendant the entire cost of copying the transcript on appeal to the Supreme Court which consisted of 238 printed pages, although this Court had adjudged that much of this matter was immaterial, and adjudged that the defendant was not liable for the cost of printing the transcript in excess of 60 pages. Rule 22 of this Court, 174 N. C., 833, prescribes "The cost of copying and printing unnecessary and irrelevant testimony or other matter not needed to explain the exceptions or errors assigned, and not constituting a part of the record proper, shall in all cases be charged to the appellant, unless it appears that they were sent up at the instance of the appellee, in which case the costs shall be taxed against him."

This rule applies to "copying" as well as "printing" the unnecessary matter, and that "in all cases it shall be charged to the appellant unless it appears that the unnecessary matter was sent up at the instance of the appellee."

This Court having adjudged in this case that the unnecessary matter was sent up at the instance of the appellant in the former appeal, the plaintiffs, they were not allowed to recover the costs of printing the unnecessary matter. If it was unnecessary to print, it was unnecessary to have it copied in the record. The plaintiffs are entitled to recover the costs for copying so much of the transcript of the record as they were permitted to recover for the printing thereof and no more.

The order was appealable. It is said in *Van Dyke v. Ins. Co.,* 174 N. C., 81, quoting from *S. v. Horne,* 119 N. C., 853 : "While this Court will not entertain an appeal on the merits to determine who shall pay the costs of an action in which the subject-matter has been disposed of, yet where the question is whether a particular item is properly chargeable as costs, or, taking the case below as rightly decided, whether the costs are properly adjudged, the case is reviewable on appeal."

It is true that the costs of preparing and transmitting the record on appeal to the Supreme Court are not costs of this Court but of the court below, and that orders and judgments for the payment thereof should be made in the lower court. *Roberts v. Lewald,* 108 N. C., 405 ; *Dobson v. R. R.,* 133 N. C., 624. Still the order in the Superior Court is appealable. *Van Dyke v. Ins. Co., supra.*

At common law neither party to a civil action recovered costs and each side paid its own witnesses, *Costin v. Baxter,* 29 N. C., 111; and in criminal actions the sovereign neither paid or recovered costs. Costs are entirely creatures of legislation, and an appeal lies from a judgment involving merely the taxation of a bill of costs. *Blount v. Simmons,* 120 N. C., 23; *Guilford v. Comrs., ibid.,* 28; *Luther v. R. R.,* 154 N. C., 104.

It is in contemplation of law that each party should pay its own costs as the action proceeds subject to the right of recovery of costs in the final judgment. *Smith v. R. R.,* 148 N. C., 335.

The object of the prosecution bond is not to secure the officers against the plaintiff for their costs but to secure the defendant in the recovery of costs wrongfully paid out by him. It is the duty of the courts to prevent the imposition by either party of unnecessary costs upon the other. It is for this reason that Rule 22 prohibits the costs of copying and printing unnecessary and irrelevant testimony to be taxed against the appellee in any case, unless the appellee was responsible for inserting the unnecessary matter in the record. It is for this reason also that Rule 19 designates what matter is unnecessary to be sent up, and that Rule 21 prescribes that the evidence on appeal shall be set out in narrative form. The order below is

Reversed.