MERIDIAN COCA COLA CO. *et al. v.* WATSON.

(Division B. Jan. 2, 1933.)

[145 So. 344. No. 30302.]

See, also, 138 So. 407.

**Gilbert & Cameron,** of Meridian, for appellant.

Nate S. Williamson, of Meridian, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant will be hereinafter referred to as the plaintiff, and appellant as the defendant. Plaintiff brought suit against the defendant for damages because of the death of plaintiff's wife, charged to have been due to defendant's negligence. Plaintiff recovered judgment in the circuit court for twenty thousand dollars and costs. The defendant appealed to the Supreme Court, and there the judgment was reversed and the cause remanded for a new trial. 134 So. 824. On the second trial the plaintiff recovered another judgment in the same amount, and on the second appeal to the Supreme Court the judgment was affirmed. 141 So. 286. When the defendant came to make payment of the judgment and costs, it objected to the charge against it of the costs of the first trial in the circuit court, and presented its motion in the circuit court, to retax the costs, so that the costs of the first trial in the circuit court should be charged against the plaintiff and not against the defend-

ant. The motion was by the court overruled, and defendant appeals.

The sole question for decision is this: Who is legally liable for the costs incurred on the first trial in the circuit court? Under section 668, Code 1930, which in similar language has been in our Codes for many years, and which provides that "in all civil actions, the party in whose favor judgment shall be given . . . shall be entitled to full costs, except when it may be otherwise directed by law," it has been the general practice in this state, so far as has ever been heard by any of us here, that costs in an action at law in the trial court, although there may be more than one trial, shall be taxed against the unsuccessful party on the final trial. And that seems to be the rule recognized in the majority of the states, where the question has been directly decided. The rule has been succinctly stated in 7 R. C. L., p. 804, as follows: "Where the unsuccessful party to an action, after securing a reversal for error and a new trial on appeal, and having the costs of the appellate court taxed against the appellee, is unsuccessful on the new trial, the costs of the trial court on the first trial as well as on the second should be taxed against him." The principal case relied on in support of this text is William v. Hughes, 139 N. C. 17, 51 S. E. 790, 4 Ann. Cas. 77, 79. Upon the page last cited there is a note which has collated many cases to the same effect. See, also, 15 C. J. 246, and notes, where the cases, some of which maintain the minority rule, are cited. Without reviewing the reasons in support of the differences of opinion upon the question before us, we adopt what appears to be the majority rule, and which is as above quoted.

But in doing so we would have it understood that our holding here has no bearing whatever upon the question of costs in the Supreme Court, and particularly do we withhold any intimation that the unsuccessful appellee

on the first appeal could charge the costs of that appeal against the unsuccessful defendant on the final trial. Costs in the Supreme Court are governed by their own separate rules, and are not involved in this decision.
Affirmed.