PRATHER, Justice,
for the Court:
I. INTRODUCTION
In 1974, Dr. J.P. Culpepper, a Hattiesburg surgeon, performed a hysterectomy-on Laverne Martin. Subsequent tests on Martin’s removed uterus revealed the presence of uterine cancer. Dr. Culpepper and a “conference of doctors” recommended to Martin that she undergo radiation treatment. The treatments allegedly led to various side effects, which Martin contended were the consequence of medical malpractice. So in 1978, she and her husband filed a suit against various doctors in the Forrest County Circuit Court. The Mississippi Medicaid Commission (hereinafter “Commission”), which paid Laverne Martin benefits totalling nearly $38,000 for her treatment, intervened in the suit as a plaintiff.
Trial finally commenced in 1981 with Judge Jack Weldy presiding. About three weeks of testimony later, the jury found in favor of the plaintiffs and awarded them $340,000. The Martins then filed a motion for an additur. In response, the judge ordered the doctors to pay the Martins an additional $200,000 or, alternatively, be subjected to a new trial on damages alone. The doctors opted for a new trial on damages, upon completion of which the jury awarded the Martins $543,750. The doctors appealed and, on May 22, 1985, petition for rehearing, this Court reversed and remanded for a new trial. See Reikes v. Martin, 471 So.2d 385 (Miss.1985).
In 1988, approximately three years after this Court issued its decision in Reikes v. Martin, the Martins filed a “Motion for Trial Setting” in the Forrest County Circuit Court. The doctors then filed an “Objection to [the Martin’s] Motion for Trial Setting.” The doctors based their “objection” on Miss.Code Ann. § 11-3-43 (1990 Supp.) [1], which provides:
In all cases in which the supreme court shall reverse the judgment or decree of the court below, and remand the cause to be proceeded within such court, or remand a cause for further proceedings, the clerk of the supreme court shall prepare and certify a copy of the opinion of the supreme court in the case, and send it, with the mandate of the judgment or decree rendered in the cause by the supreme court, to the clerk of the court from which the cause was brought, or to which it may be remanded. The copy of the opinion furnished shall be preserved by the clerk to whom it is delivered, for the use of the court and parties in the case.
But in all cases wherein the appellant is the successful litigant on appeal, no mandate shall issue to the clerk of the court below on application of appellee until he has paid to the clerk of the court below, for the benefit of the appellant, the costs paid by the appellant. Should the appellee fail to make such a refund of cost as provided and fail to obtain a mandate to the lower court within two (2) years next after the date of the judgment of reversal of such case by the supreme court, the appellee, his heirs or assigns, shall not thereafter be entitled to apply for a mandate in such case and the clerk of the supreme court shall henceforth thereafter be without authority to issue a mandate therein, or to certify a copy of the opinion in said case, to the clerk of the lower court, and further proceedings in said case shall thereafter be forever barred and the appellee’s right of action, as well as his remedy, shall be extinguished.
Also for support of their “Objection” to a trial setting, the doctors cited Uniform Circuit Court Rule 2.02:
Cases upon the civil issue docket, where process has not been served or where process has been served, and that have been called for trial for two terms of court, without any step taken, or trial demanded, shall be dismissed as stale, at *287 plaintiff’s cost without notice, unless good reason be shown for a further continuation; and no cause that has been so dismissed shall be reinstated without affidavit setting forth good reason for reinstatement.
The doctors explained the application of § 11-3-43 and Rule 2.02 to this ease:
Mississippi Code Annotated, Section 11-3-43 (Supp.1987) requires refund or payment of court costs by the appellee when a case is reversed and remanded. If such payment is not made within two years after the date of the decision in the Supreme Court, then both the right and remedy of the appellee stand forever extinguished and barred.
Nearly three years have elapsed since the decision in the Supreme Court of Mississippi. Thus this case is forever barred and may not be set for trial nor any further proceedings had.
Even if this case should be deemed to have been on the docket of this court for the last three years, then nonetheless the case must be dismissed as a stale case for lack of prosecution pursuant to Uniform Circuit Court Rule 2.02.
Record Vol. I, at 14.
After holding a very brief hearing, Judge Richard McKenzie sustained the doctors’ objection and based his decision solely on a “strict interpretation” of § 11-3-43. The judge neither cited nor discussed Circuit Court Rule 2.02 as a basis.
The Martins appealed. The Commission appealed as an intervenor and filed a separate brief.
II. ANALYSIS
A.
Basically, the only issue on appeal is whether the judge erred in sustaining the doctors’ objection on the basis of Miss. Code Ann. § 11-3-43 (1990 Supp.). The Martins and the Commission both contend that the judge erred because he misinterpreted § 11-3-43. They explain that, strictly construed, the statute’s two-year limitation is conditioned on concurrence of two events: (1) appellee’s failure to pay court costs (which the appellant prepays), and (2) appellee’s failure to obtain issuance of this Court’s mandate. All parties in this case agree: (1) that neither the Martins nor the Commission have paid court costs as ordered through the Reikes mandate,[2] and (2) that the Supreme Court Clerk issued the Reikes mandate on May 23, 1985 — one day after this Court rendered its decision (on May 22, 1985).[3] Therefore, the “prerequisite concurrent failures did not occur and-the limitation imposed by § 11-3-43 ... was of no moment.” According to the Martins, the doctors should have “moved that the mandate be withdrawn and the plaintiffs be required to pay the costs of appeal.”
The Martins and the Commission alternatively contend that the failure to pay court costs is the consequence of their understanding that costs need not be paid until “final determination” in this case is reached. For support, they cite Miss.Code Ann. § 11-53-69 (1972):
The costs accruing upon suits in any court shall not be due until the final determination thereof, and may then be collected by execution; but the judges shall have power to order and adjudge costs and give decrees and judgments thereon in the progress of suits, as heretofore practiced in said courts.
They also rely on Meridian Coca Cola Co. v. Watson, 164 Miss. 389, 145 So. 344 (1933), for support. In Watson, this Court stated:
The sole question for decision is this: Who is legally liable for the costs incurred on the first trial in the circuit court? Under section 668, Code 1930, which in similar language has been in our Codes for many years, and which provides that “in all civil actions, the *288 party in whose favor judgment shall be given * * * shall be entitled to full costs, except when it may be otherwise directed by law,” it has been the general practice in this state, so far as has ever been heard by any of us here, that costs in an action at law in the trial court, although there may be more than one trial, shall be taxed against the unsuccessful party on the final trial. And that seems to be the rule recognized in the majority of the states, where the question has been directly decided. The rule has been succinctly stated in 7 R.C.L., p. 804, as follows: “Where the unsuccessful party to an action, after securing a reversal for error and a new trial on appeal, and having the costs of the appellate court taxed against the appellee, is unsuccessful on the new trial, the costs of the trial court on the first trial as well as on the second should be taxed against him.” The principal case relied on in support of this text is Williams v. Hughes, 139 N.C. 17, 51 S.E. 790, 4 Ann.Cas. 77, 79. Upon the page last cited there is a note which has collated many cases to the same effect. See, also, 15 C.J. 246 and notes, where the cases, some of which maintain the minority rule, are cited. Without reviewing the reasons in support of the differences of opinion upon the question before us, we adopt what appears to be the majority rule, and which is as above quoted.
But in doing so we would have it understood that our holding here has no bearing whatever upon the question of costs in the Supreme Court, and particularly do we withhold any intimation that the unsuccessful appellee on the first appeal could charge the costs of this appeal against the unsuccessful defendant on the final trial. Costs in the Supreme Court are governed by their own separate rules, and are not involved in this decision.
164 Miss. at 389, 145 So. at 344-45.
The Martins and the Commission additionally contend that, assuming costs should have been paid within the two-year limitation or thereafter, no one has ever “issued an execution” for, or presented them with, a “Bill of Court Costs” — which is necessary under statutory law and Mississippi Supreme Court Rules. For example, Miss.Code Ann. § 11-53-67 (1972) provides:
Fees and costs shall not be payable by any person until there be produced to the person chargeable with the same a bill, or account in writing, containing the particulars of such fees, signed by the clerk or officer, in which shall be intelligently expressed and specified each section of the law, and, if any, each paragraph or subdivision of section by virtue of which each fee is charged. If any fee shall be paid without the production of such bill, the party paying the same shall at all times be entitled to demand and have from the officer receiving the same a copy of such bill without charge.
See also L. MUNFORD, SUPREME COURT PRACTICE § 18-4 (1987) (“[Miss. Sup.Ct.] Rule 36 places in the trial court the primary responsibility for issuing execution for costs and for deciding disputes over matters that are not addressed by the Supreme Court’s judgment or mandate.”); Miss.Code Ann. § 11-53-69 (1972) (“The costs accruing upon suits in any court ... may ... be collected by execution.”).[4]
*289 Finally, the Commission contends that, because it never received any notice regarding the hearing on the Martins’ “Motion for Trial Setting,” the judge’s decision to sustain the doctors’ objection was viola-tive of “principles of fundamental fairness and due process of law.” In short, the Commission is contending that the failure of both the Martins and the doctors to provide it with notice unjustly and preju-dicially left it without an opportunity to be heard.
B.
The doctors simply counter that, notwithstanding issuance of the mandate, § 11—3— 43 clearly bars retrial of this case since the Martins and the Commission failed to pay court costs as ordered by this Court. According to the doctors, the clerk of the Forrest County Circuit Court prepared a document listing these costs, which the clerk then filed in the record.[5] “If the [plaintiffs] seriously were interested in refunding the court costs [which the doctors had prepaid], all they had to do was pay the cost bill which is part of the record.” See Doctors’ Brief at 5-10.
The doctors alternatively contend that, assuming the judge erred in relying on § 11-3-43, this case should have been dismissed as “stale” under Uniform Circuit Court Rule 2.02 and Miss.Code Ann. § 11-53-25 (1972).[6]
C.
Research revealed no published opinion by this. Court involving interpretation of § 11-3-43, which in a sense is a statute of limitations. We have considered whether this Court’s promulgation of Rule 41, Miss. Sup.Ct.Rules, effective January 1, 1988[7], combined with the Legislature’s repeal of the limitations feature of Section 11-3-43, effective July 1, 1991[8], constitute a relaxing of a statute of limitations that may inure to the benefit of the Martins and the Commission. Kilgore v. Barnes, 508 So.2d 1042 (Miss.1987) recognizes such a doctrine, but limits it to “claims not barred at the time of elongation.” Kilgore, 508 So.2d at 1045. The Martins (and the Commission’s) claim for a new trial arose on May 22, 1985. Under Section 11-3-43, if we adopt the doctors reading of it, the claim became barred on May 22, 1987. Even if we assume the “elongation” occurred on January 1, 1988, with the adoption of Rule 41, under the doctors’ reading of the statute, the Martins (and the Commission’s) claim for retrial had become time barred more than seven months earlier.
Our treatment of like questions arising in the fields of civil procedure and evidence has found us, without exception, enforcing prior statutory rules and procedures in cases that arose before the effective date of the rules, notwithstanding that the later adopted rules would have changed the results. See e.g., Robinson v. Hawkins, 541 So.2d 1048, 1049-50 (Miss.1989) (in the case of suit filed before January 1, 1982, sufficiency of “declaration” governed by pre-M.R.C.P. statute); Whittington v. Whittington, 535 So.2d 573, 580 (Miss. *290 1988) (dead man statute held applicable to case tried three months before effective date of Mississippi Rules of Evidence); Holland v. Kennedy, 454 So.2d 1305 (Miss.1984) (summary judgment procedure not available in suit filed prior to January 1, 1982). This case thus turns on the meaning and effect of section 11-3-43 as it read between 1985 and 1987.
There is no question but that the Martins are liable for the costs incident to the appeal to this Court which was decided against them on May 22, 1985, although final allocation of those costs between and among the parties must await final adjudication of all issues. There is further no question but that the Martins have failed to pay these costs. The question before us is whether the law in place and particularly section 11-3-43 told the Martins that the two-year time was beginning to run on their right to retrial.
By its literal text, the statute does not run unless there has been both a failure to pay costs and a failure to procure this Court’s mandate to the lower court. This Court issued a mandate on May 23, 1985, although arguably erroneously, but we are not prepared to say that this mandate was so ineffective that the Martins could not rely on it. What is more, we find no dispute about the fact that the clerk of the Circuit Court never issued any cost bill to the Martins nor any execution thereon. Section 11-53-67 quoted above suggests that the Martins were entitled to expect a cost bill before the costs of the appeal were “payable”.
It is quite likely the draftsmen of section 11-3-43, as it read at the time, contemplated that litigants situated like the Martins would be barred on facts such as these. The problem is that the language of the statute is sufficiently uncertain so that, when coupled with section 11-53-67, it fails to afford fair notice to the Martins that the two-year statute was beginning to run. More precisely, we hold that because a mandate was issued, the two-year statute of section 11-3-43 was tolled and did not run on the Martins’ right to retrial. The Circuit Court erred when it held section 11-3-43 required that it sustain the doctors’ objection to a new trial setting.
In sum, this Court remands this case for further proceedings.[9]
D.
Finally, the Commission contends that this Court should reverse the judge’s decision because no one provided it with notice of the hearing.[10] The doctors’ brief contains no response to the Commission’s contention.
In Reikes, this Court approved of the judge’s decision to grant the Commission’s request to intervene: “The ... Commission had paid a substantial portion of [Laverne Martin’s] medical expenses for which it was entitled to be repaid under any recovery from the doctors, and a right to intervene in the suit, all authorized by *291 statute.” 471 So.2d at 391. This statement alone leads this Court to conclude that the Commission should have received notice of the hearing. See MISS.R.CIV.P. 6(d) (“A written motion ... and notice of hearing ... shall be served not later than five days before the fixed time for the hearing.”); see also Walker v. Parnell, 566 So.2d 1213 (Miss.1990).
E.
Before concluding, discussion of various sub-issues raised in this case is warranted. These issues are: When do court costs (not including Supreme Court costs) accrue, and which party is liable for their payment?
This Court addressed these issues in Meridian Coca Cola Co. v. Watson — quoted in relevant part in Section 11(A) of this opinion. Watson is hereby reaffirmed for the moment. The Legislature’s repeal of the limitations feature of section 11-3-43 make it timely that this entire subject be revisited. The law regarding costs in the event of a new trial, whether or not after reversal here needs to be clarified and codified for all concerned. These matters are referred to the Supreme Court Advisory Committee on Rules for further evaluation.
On the basis of the foregoing, this Court reverses and remands this ease for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED. ASSESSMENT OF COURT COSTS OF THIS APPEAL ARE PRETERMITTED UNTIL FINAL DISPOSITION OF THIS CASE.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, PJJ., and ROBERTSON, PITTMAN and BANKS, JJ., concur.
SULLIVAN and McRAE, JJ., not participating.

. Section 11-3-43 read as quoted above from and after July 1, 1978, Miss.Laws Ch. 335 § 7 (1978), and through and including July 1, 1991. On this latter date, the statute was amended by deletion of the entire second paragraph, no doubt in recognition that the subject of issuance of mandates from this Court had been addressed by Rule 41, Miss.Sup.Ct.Rules, effective January 1, 1988. See Miss.Laws, Ch. 573 § 16 (1991).

. The mandate in pertinent part states: “It is further ordered and adjudged that the appellees do pay all of the costs of this appeal to be taxed.” Vol. I, at 3. The doctors had prepaid these costs.

. The clerk of the Forrest County Circuit Court actually received the mandate on May 27, 1985. Vol. I, at 3.

. The Martins also note that the “proper procedure for the [doctors] to collect their costs under the mandate of the Supreme Court ... is to have the Clerk of the Supreme Court itemize and issue execution for the costs under former Rule 30, Supreme Court Rules.”
Rule 30 provides: "[w]hen costs are awarded in this Court against the appellee, and there shall have been a return of nulla bona to an execution against him, and the costs shall be paid by the appellant, no mandate shall issue upon the application of the appellee, until he shall pay into this Court, for the use of appellant, the costs paid by him."
The Martins’ contention may not be entirely correct. Even though Rule 30 was "on the books" at the time Reikes v. Martin was decided in 1985 by this Court, it was not a rule which was followed by the Supreme Court Clerk’s Office. Research and conversations with the Clerk's Office reveal that mandates are issued without delay. See "Order by Miss.Sup.Ct. Chief Justice Robert Gillespie" (“It is ordered that in all cases the mandate to the lower court shall issue in due course and without delay.”) (dated *289 April 24, 1975). When Reikes was decided, the Clerk’s Office worked under a rule — a seemingly unwritten rule — whereby all mandates were to be issued within 15 days of this Court’s disposition of a case. The time limit has since been extended to 21 days. See Miss.Sup.Ct.R. 41(a).

. The doctors note that these costs should include those of the circuit court as well as the transcript and the Supreme Court filing fees.

. Miss.Code Ann. § 11-53-25 (1972) provides: "The clerk of any court shall move the court to dismiss any cause pending therein in which no step has been taken for the two terms preceding; and the court shall, unless good cause be shown to the contrary, dismiss the same at the costs of the plaintiff or complainant.”

. By order of June 15, 1987, this Court decreed the Mississippi Supreme Court Rules, of which Rule 41 is a part, “shall govern all proceedings in any action appeal of which is perfected on or after January 1, 1988.” The Comment to Rule One states "All statutes ... in conflict with these rules will otherwise be of no further force or effect.” Duncan v. St. Romain, 569 So.2d 687 (Miss.1990). The Court’s order of June 15, 1987, says the "Comments shall be used by all courts as authoritative guides to the correct interpretation of these Rules.”

. Miss.Laws, ch. 573, § 16 (1991).

. The doctors also ask this Court to affirm the trial judge’s decision on the basis that the case was "stale” as defined under Circuit Court Rule 2.02 and Miss.Code Ann. § 11-53-25 (1972). This specific issue was not addressed by the trial judge; therefore, the issue is not ripe for this Court’s review. The issue may be raised by the doctors on remand, however. Accord DuBois v. Thomas, 173 Miss. 697, 697, 161 So. 868, 868-68 (1935) .("[W]hether the doctrine of laches applies to the appellee’s delay in prosecuting the case will be for the determination of the court below on the return of the cause thereto.”).

. The Commission also raised the following sub-issues: "What is the proper role of an inter-venor at trial upon the merits and to what extent may an intervenor present its case to the trial court?"
These issues are not yet ripe for review. This Court’s opinion in Reikes must suffice for now:
It is not the intention of this Court to restrict the broad discretion of a trial court as to the manner in which an intervenor will be allowed to participate in a cause. An inter-venor must be permitted to do all that is necessary to protect his interest. He should not be permitted to do more to the prejudice of any party. The rights of all parties should be preserved. There may be occasions when the intervenor’s case should be tried separately and apart from the other issues.
We leave the precise manner and extent an intervenor shall be permitted to participate in the discretion of trial judges, based upon each case.
471 So.2d at 391; see also id. at n. 2.