STATE v. J. W. BYRD.

*Motion to Dismiss Appeal— Undertaking— Costs—Appeal— Statement of Case on Appeal.*

1. An instrument executed by *the mark* of the party to be charged, is binding when proved.

2. When the surety to the undertaking on appeal, executed it by making his cross mark, and justifying before the clerk ; *Held*, that the undertaking was sufficient in law.

3. Where the ground of exception to the order of the Court sufficiently appears in the record, a statement of the case on appeal is unnecessary.

4. When the subject matter of the action has been lost, destroyed, or adjusted between the parties, an appeal will not be allowed from a judgment for *costs only*. But when the whole matter in litigation is an alleged liability for costs—as in the case of a prosecutor in a criminal action—an appeal lies as in other cases.

(*State* v. *Crook*, 91 N. C., 536 ; *May* v. *Darden*, 83 N. C., 237 ; *State* v. *Powell*, 86 N. C., 640 ; *State* v. *Cannady*, 78 N. C., 539 ; *State* v. *Murdock*, 85 N. C., 598 ; *State* v. *Crosset*, 81 N. C., 579, cited and approved).

This was a proceeding to tax the prosecutor with the costs in a Criminal Proceeding commenced before a justice of the peace of GREENE county, and carried by appeal to the Superior Court of that county, in which it was heard before *Gudger, Judge*, at Spring Term, 1885, of that Court.

On the 12th day of August, 1884, the defendant applied to and obtained from a justice of the peace in the county of Greene, a State warrant, wherein he charged that one Zeno Lyon had committed an assault upon him in that county. Lyon was arrested, and pleaded not guilty to the charge.

At the trial of the action on the 20th day of August of the same year, the justice of the peace decided that the defendant was not guilty, and gave judgment, discharging him. He also gave judgment against the prosecutor in that warrant, the present defendant, for the costs of the action ; whereupon, he excepted, and appealed to the Superior Court. In that Court, the appeal was dismissed, and the defendant appealed to this Court.

No case upon appeal for this Court was stated.

*Attorney General* for the State.
*Messrs. Bryan & Burkhead*, for the defendant.

MERRIMON, J., (after stating the facts). The security in the undertaking upon appeal executed the same by annexing to his signature a simple cross mark. On the day he thus executed it, he justified the same before the clerk of the Court.

In this Court the Attorney General moved to dismiss the appeal, and assigned the following grounds in support of his motion:

40

1. The undertaking on appeal is defective in the manner of its execution, there being no evidence that it was executed by Moye, the alleged surety.

2. That the case on appeal was not prepared and served as required by the statute and rules of practice in such cases made and provided. The affidavit of Monroe does not show sufficient service on Lyon, and it does not pretend to have made service on the Solicitor.

3. For that the appeal involves only a question of costs.

We are of opinion that the motion to dismiss the appeal cannot be allowed. The several grounds assigned in support of it are, in our judgment, untenable. As to the first one: While generally a mere cross mark employed by a person, who cannot write, as evidence that he executed a paper writing to which it is affixed, cannot be proven, yet a person may have a mark so peculiar and so uniformly used by him for such purpose, as that it may become well known as his mark, and may be proven just as the signature of one who writes may be proven to be in his own handwriting. A mark, like the signature of a party, is intended to be evidence of the fact that the party making it, made it and identifies himself with the paper writing signed in the way and for the purpose indicated in it, and it is just as binding ordinarily, without a subscribing witness as with one; but it may be proven as a signature may be, by one who saw it made, or who heard the maker acknowledge it to be his, and the maker himself is generally a competent witness to prove that he made it.

In this case, the security to the undertaking upon appeal executed it by making a simple cross-mark—there is no subscribing witness, but he is a competent witness to prove that he made it—some one may have seen him make it, or he may have acknowledged in the presence of some one that he made it. He justified as security to the undertaking before the Clerk of the Court, and he thus by the strongest implication admitted the mark to be, and accepted it as his. He must be treated as having admitted it to be his.

In respect to the second ground assigned, it must be conceded that there was no statement of the case for this Court upon appeal. But this is a case in which such statement was not necessary—the ground of exception to the order of the Court dismissing the appeal, sufficiently appears in the record. *State* v. *Crook*, 91 N. C., 536.

And as to the third ground assigned: This is not a case in which no appeal lies from a judgment for costs merely. Here, the subject matter of the proceeding—the whole matter in litigation—is the alleged liability of the defendant as prosecutor to pay the costs of a criminal action. Where the purpose of the action or proceeding, as in this case, is to recover costs, an appeal lies from the judgment of the Court as in other cases. It is when it appears that the subject matter of the action has been destroyed, or lost, or adjusted in some way by the parties, that an appeal will not be allowed from a judgment for costs only. Costs in such a case is not the real matter in litigation. *May* v. *Darden*, 83 N. C., 247.

Passing to the exception of the defendant, it seems that the Court allowed the motion to dismiss the appeal from the judgment of the justice of the peace taxing the defendant as prosecutor with the costs of the criminal action before him, on the ground that no appeal lay in such a case. We are not able to discover in the record any other possible ground; the counsel on the argument did not suggest any other, and we must accept this as that on which the Court based its action.

So treating the case, we think that an appeal did lie in favor of the defendant. A peace warrant is a criminal action, and an appeal would not lie in favor of a defendant in such a proceeding. *State* v. *Lyon, ante*, 575. But the proceeding springing out of such an action to tax the prosecutor therein with costs, assumes the nature of a civil action. The purpose is not to punish the prosecutor, but compel him to pay costs, that were, at his instance, needlessly and wrongfully incurred. The fact that he may in a contingency, be imprisoned if he fails to pay the costs, does not ren-

der the proceeding criminal—not as a punishment—but to compel him to pay the costs. The extreme method of imprisonment to compel the payment of costs, is authorized only in cases where the Court finds that the proceeding or prosecution instigated by him was frivolous or malicious. In *State* v. *Powell*, 86 N. C., 640, SMITH, Chief Justice, said : " In saying this, we do not dispute the efficacy of the appeal in removing for review so much of the adverse judgment as is personal to the prosecutor and taxes him with the payment of costs. To this extent, the proceeding assumes the character of a civil controversy, and the legislation would not be obnoxious to the objections directed against the removal of the criminal charge," &c.   This Court has repeatedly entertained appeals in cases like this in material respects.   *State* v. *Cannady*, 78 N. C., 539 ; *State* v. *Murdock*, 85 N. C., 598; *State* v. *Crosset*, 81 N. C., 579.

As therefore the appeal lay, the Court ought not to have dismissed it, but ought to have proceeded therein according to law.

There is error.   Let this opinion be certified to the Superior Court, to the end, that further action may be had in accordance therewith.   It is so orderd.

Error.                                                    Reversed.