THE CHARLOTTE PLANING MILLS v. F. A. McNINCH and wife
SARAH A. McNINCH.

*Jurisdiction—Amendment—Consent Order.*

1. Where the complaint, in an action brought in the Superior Court,
against a husband and wife, merely alleged a debt less than $200, and
a lien in connection therewith, but afterwards, by consent, a second
cause of action was added, in which it was alleged that said debt
was chargeable upon the separate estate of the wife, and judgment
was demanded that the debt be enforced by a sale of her real prop-
erty, if necessary : *Held*, that the Court had jurisdiction, though it
would not have had without the amendment.

2. While consent may not give jurisdiction generally, when a complaint
does not show jurisdiction as to parties and subject-matter, the
parties can consent to an amendment whereby such jurisdiction
does appear.

3. It seems that the Court has power to allow such amendment without
consent of defendants.

CIVIL ACTION, tried before *MacRae, J.,* at September Term,
1887, of the Superior Court of MECKLENBURG.

The action was brought to recover a balance of $91.66,
alleged to be due to the plaintiff for certain building mate-
rials furnished to the *feme* defendant, to be placed upon, and
for the improvement of, her separate real estate.   The com-
plaint, as to the first cause of action therein alleged, demands
judgment for the debt, and the enforcement of a mechanic's
lien in respect to the materials supplied; as to the second
cause of action, it demands judgment for the debt, and the
enforcement of it against the estate of the *feme* defendant.

The following is a copy of the material parts of the case
stated on appeal :

" The plaintiff, at first, filed a complaint, setting forth but
one cause of action, which was identical with the first cause
of action contained in the amended complaint.   The de-

fendants filed a joint answer to the complaint first filed, denying the several allegations thereof.

At Spring Term, 1887, the plaintiff, by leave of the Court and consent of counsel for defendants, amended the said complaint, by adding thereto a second cause of action, and the defendants answered, denying the allegations thereof.

At the trial of the action, and after the jury had been empanneled, and without withdrawing their answer, the defendants demurred *ore tenus* to the complaint as amended, upon the ground that the Court had not jurisdiction of either of the causes of action therein set forth.

The Court sustained the demurrer as to the first cause of action, and overruled it as to the second cause of action, and the defendants excepted."

There was a verdict and judgment for the plaintiff, and the defendants appealed to this Court.

*Mr. P. D. Walker,* for the plaintiff.
*Mr. C. N. Tillett,* for the defendants.

MERRIMON, J., (after stating the case)   The Court had not jurisdiction of the subject-matter of the first cause of action, as alleged in the complaint, because it simply alleged a debt due the plaintiff, and a lien in connection therewith, of which a Justice of the Peace had jurisdiction.

The second cause of action alleged the same debt, and that it was chargeable upon the separate estate of the *feme* defendant, and as to it, judgment was demanded, that the payment of the debt be enforced by a proper judgment, directing a sale of the real estate, if need be.   The Court had jurisdiction of the cause of action thus alleged.   The purpose was to enforce the payment of the debt, by a resort to the separate estate of the *feme covert* defendant.   It is expressly decided that the Superior Courts have jurisdiction in such cases.   *Dougherty* v. *Sprinkle,* 88 N. C., 300; *Webster* v.

PLANING MILLS *v.* McNINCH.

*Laws,* 89 N. C., 224; *Smaw* v. *Cohen,* 95 N. C., 85; *Neville* v. *Pope,* Id., 346.

But the appellants insist that, inasmuch as the complaint, as at first filed, alleged but a single cause of action, of which the Court had not jurisdiction, it could not obtain it by an amendment of the complaint, alleging a cause of action of which it had jurisdiction. This may or may not be so ordinarily, but, in this case, the defendants consented to the amendment, and thus consented to constitute an action before the Court, of which it had jurisdiction as to the parties and the subject-matter of the action. The parties could thus consent to come or remain before the Court, and the appellants, having once consented to the amendment, could not afterwards, in the course of the action, withdraw such consent, unless with the assent of the appellees. The parties, in effect, consented to remain before the Court and litigate a cause of action not at first alleged, but which was afterwards formally alleged on one side and denied on the other, and the Court took notice of the agreement thus appearing, and allowed them to do so. It was competent thus to confer jurisdiction.

It was contended on the argument, that the parties could not, by consent, confer jurisdiction. This is true in some cases, but the rule invoked does not apply in cases like the present one. Parties may consent to submit to the jurisdiction of the Court, if they and the cause of action be such as the Court may lawfully take jurisdiction of; but if the Court cannot, in law, take jurisdiction of the parties for, any reason, or of the cause of action, consent or agreement of parties cannot confer it, because, in that case, the law does not give or allow it; on the contrary, it forbids it. The law prescribes the jurisdiction of Courts. If the Court may take jurisdiction—that is, if the law gives and allows it, then the consent of parties may confer it, in a particular case coming within the law allowing it, not otherwise.

It is not at all certain that the Court could not, without the consent of the appellants, have allowed the amendment alleging the same cause of action, in a different way developing the jurisdiction of the Court. The cause of action of which the Court, in fact, had jurisdiction, was imperfectly alleged in the complaint, as at first filed. What prevented the Court from allowing the appropriate amendment? But we need not pass upon this view of the case, and we mention it to exclude a conclusion, that the Court had not authority to allow such amendment. *Johnson* v. *Finch*, 93 N. C., 205; *Singer Mf'g Co.* v. *Barrett*, 95 N. C., 36.

There is no error, and the judgment must be affirmed.

Judgment affirmed.