## L. F. ELLIOTT v. G. T. TYSON.

*Appeal—Costs—Practice—Amendment—Jurisdiction —Appeal from Clerk.*

1. An appeal does not lie from an adjudication which relates only to the disposition of costs, except (1) as to the liability of a prosecutor for the costs in a criminal action; (2) where the very question at issue is the liability to a particular item of costs, and (3) where the court in which the action was begun did not have jurisdiction.

2. Where the effect of an order allowing an amendment of a complaint in a particular in which it was ambiguous, was to show but not confer jurisdiction, such order is not reviewable on appeal.

3. Although an action be wrongly begun before the clerk of the Superior Court, yet, if it gets into the Superior Court at Term, by appeal or otherwise, the latter has jurisdiction of the whole cause, and can make amendment of process to give effectual jurisdiction.

PETITION to rehear the case decided at February Term, 1895, and reported in 116 N. C. Reports, page 184. The facts appear in the opinion of Associate Justice CLARK.

*Messrs. J. B. Batchelor* and *Jarvis & Blow*, for plaintiff.

*Messrs. Shepherd & Busbee*, for defendant (petitioner).

ELLIOTT v. TYSON.

CLARK, J. : As a general rule this Court will not hear an appeal when the only matter to be decided is the disposition of the costs. *Russell* v. *Campbell*, 112 N. C., 404, and cases there cited ; *Futrell* v. *Deans*, 116 N. C., 38. This is especially so when the subject matter in dispute has been settled or destroyed and the only matter left to be passed upon is the adjudication of the costs by the court below. *Clark's Code* (2nd Ed.) p. 560. There are exceptions, among them the liability of a prosecutor for costs in a criminal action, *State* v. *Byrd*, 93 N. C., 624, and where the very question at issue is the liability to a particular item of costs, as a tax fee or the like. And, of course, there is a further exception when the court in which the action was begun did not have jurisdiction. In that case the adjudication of the costs is illegal and reviewable equally with any other judgment.

The learned counsel for the petitioner to rehear contends that this case falls within the last exception. The action was brought under the provisions of *The Code*, Sec. 1756, and before the clerk. The defendant set up two counterclaims, one for fertilizers furnished to the plaintiff, the other for services in grading the tobacco. The first the clerk adjudged to be valid and to amount to $23.50 which was then and there paid by plaintiff and receipted for by the defendant. The other counterclaim was disallowed by the clerk and it was adjudged that the defendant had no lien on the property in controversy. On appeal to the Superior court the sole issue submitted was as to this second ground of counterclaim. This was found against the defendant and nothing else appearing the costs were properly adjudged against him.

The defendant, however, contends that there was lack of jurisdiction because (1) the amount involved was less

than $200. (2) If more than that, still the action should have been brought to Term and not before the clerk.

As to the first point, the complaint avers that "the property in controversy" is worth "about three hundred and fifty dollars." There was an ambiguity in the original complaint inasmuch as it averred that the defendant had refused to make an equitable division of the crop and asked for plaintiff's part thereof, but left it uncertain whether or not the tobacco in controversy was claimed as plaintiff's part of the crop. The defendant demurred on the ground that the amount in dispute was not clearly stated, and thereupon the plaintiff was allowed to amend by alleging ownership of *all* the property in suit, i. e. the $350 worth of tobacco. There was no exception to this, and even if there had been the amendment was not reviewable, for the previous allegation being ambiguous, the effect was "not to confer but to show jurisdiction." *Planing Mills* v. *McNinch*, 99 N. C., 517.; *M'f'g Co.* v. *Barrett*, 95 N. C., 36; *McPhail* v. *Johnson*, 115 N. C., 298.

As to the second ground of objection it is unnecessary to make a decision, for, even if the action had been "begun wrongly before the clerk, it having gotten into the Superior Court by appeal or otherwise, the latter has jurisdiction of the whole cause and can make amendment of process to give effectual jurisdiction. Such amendment will be presumed or the Supreme Court even can amend the process if necessary." *McLean* v. *Breece*, 113 N. C., 390, 393, citing *Capps* v. *Capps*, .85 N. C., 408; *Cheatham* v. *Crews*, 81 N. C., 343; *Robinson* v. *Hodges*, 105 N. C., 49. Unlike the court of a justice of the peace, the clerk is really a part of the Superior Court, and a case wrongfully instituted before him upon appeal only needs an amendment of process to justify the original service. The Supe-

rior Court had jurisdiction and rightly adjudicated the costs, as above stated.                    Petition Dismissed.