MORRISTOWN MILLS COMPANY v. W. M. LYTLE, et al.

*Witness Fees—Consolidation of Actions—Costs—Retaxation of Costs—Appeal.*

1. Where several actions pending in a court were consolidated into one at the return term, and at a subsequent term there was an entry of "judgment against both parties, plaintiffs and defendants, for their costs in each case," the witnesses summoned were entitled to prove but one attendance and in one action, and but one bill of costs could be taxed.

2. An appeal lies from an order retaxing costs and continuing a former judgment.

MOTION to retax bills of costs, heard before *Robinson, J.,* at August Term, 1895, of BUNCOMBE Superior Court. The motion was allowed, and the witnesses who had been allowed to prove attendance and mileage in several cases consolidated into one, and whom the order restricted to the privilege of proving but one attendance and mileage in one case, appealed.

*Mr. J. C. Martin,* for appellants.
*Mr. Charles A. Webb,* for appellee.

CLARK, J. : There were eight actions against the same defendants. At the return term all of said actions were consolidated into one. This was admitted below, though the order of consolidation could not be found. At a subsequent term, August, 1893, the minutes show the following entry (naming these cases): "Judgment against both parties, plaintiffs and defendants, for their costs in each case." Under this, the clerk taxed eight several bills of cost, permitting, it would seem, the same witnesses to prove attendances in all eight cases. This was a motion

made at August term, 1895, to set aside the judgment as irregular and void and to retax the costs. The court properly adjudged that witnesses in said consolidated actions were entitled, after the order of consolidation, to prove but one attendance and in one action. This was the object of the order of consolidation. This is not the case of a creditor's bill, where a witness may be summoned to testify in behalf of several different parties as to entirely different matters; nor is it the case of a witness attending court at the same term to testify in several different cases. But, after the consolidation of these actions at the return term, there was thenceforward but one single action, and a witness could prove his attendance only in that case, for there was but one, and only one bill of cost could be taxed. So much of the judgment as modified the previous judgment was improvidently made. The bill of cost should simply be retaxed in accordance with the judgment at August term, 1895. This is not an appeal from a judgment for cost after the subject matter of an action has been disposed of. Such appeals the Court will not entertain. But this is an appeal from an order retaxing costs and construing a former judgment, and is reviewable. It is an additional instance to those given in *Elliott* v. *Tyson*, 117 N. C., 114.

Modified and Affirmed.