## STATE v. HENRY HORNE.

*Costs in Criminal Action—Acquittal—Liability of County.*

1. While this court will not entertain an appeal to determine who shall pay the costs of an action in which the subject matter has been disposed of, yet where the question is whether a particular item is properly chargeable as costs, or, taking the case as rightly decided, whether the costs are properly adjudged, the case is reviewable on appeal.

2. The rule that the costs follow final judgment applies in criminal cases as in civil cases; hence, where a prisoner was convicted but afterwards was acquitted on a new trial, the payment of his witnesses in both trials was properly taxed against the county.

The defendant having been convicted of MURDER at October Term, 1894, of ROBESON Superior Court, appealed and was granted a new trial. After several continuances, he was again tried and acquitted at April Term, 1896, of the Criminal Circuit Court of ROBESON County. At July Term, 1896, his Honor *Meares, J.*, taxed the costs of the defendants' witnesses for the term at which he had been convicted as well as for the terms at which the continuances had been granted, and the Board of County Commissioners appealed.

*Attorney General*, for the State.

*Messrs. McNeill & McLean*, for County Commissioners (appellants).

CLARK, J. : The objection that this appeal does not lie because only a matter of costs is involved, is founded upon a misconception of the decisions. When the subject matter of an action has been disposed of by compromise, destruction of the property, or otherwise, this Court on appeal will not pass upon the merits of the original matter in litigation to ascertain which side in law ought to have won, in order merely to decide who shall pay the costs, for the Court will not waste its time upon an abstract question. Clark's Code, p. 560 (2d Ed.) But when the question is whether a particular item is properly chargeable as costs (*Mills Co.* v. *Lytle*, 118 N. C., 837 ; *Elliott* v. *Tyson*, 117 N. C., 114 ; *State* v. *Byrd*, 93 N. C., 624) or whether, taking the case below as rightly decided, the costs are properly adjudged, these questions are reviewable on

STATE v. HORNE.

appeal. *State* v. *Simmons*, at this term; *Blount* v. *Simmons*, 118 N. C., 9; *Code*, Secs. 525, 527 and 737, 748.

The defendant was convicted of murder, and on appeal a new trial was granted, upon which trial the defendant was acquitted. The County Commissioners appealed from so much of the order, as to costs, which taxes the county with the payment of defendant's witnesses at the term at which he was convicted, and, indeed, at any term, except that at which he was acquitted. The prisoner having been acquitted, the payment of his witnesses devolves upon the county. *Code*, Sec. 739. There is no exception in State cases to the rule prevailing in civil cases that the costs follow the result of the final judgment.

In *State* v. *Massey*, 104 N. C., 877, the subject of taxation of costs in criminal cases is reviewed, and the attention of trial judges called to the fact that "the scrutiny and approval of bills of costs by them is not a mere matter of form, but is required by the statute for the protection of the public and defendants.". There is no complaint here upon that score, and, in adjudging that the county pay the prisoner's witnesses for attendance at the terms prior to his acquittal, including that at which he had been convicted, there was no error.

No Error.