MARY VanDYKE v. ÆTNA LIFE INSURANCE COMPANY et als.

(Filed 19 September, 1917.)

**1. Interpleader—Demurrer—Resisting Action—Costs.**

Where a party claiming to be merely a stakeholder is sued, he may cause other necessary parties to come in and escape the payment of cost by preserving strict neutrality; but where he takes sides and defends the action by demurring to the complaint, and other necessary parties are made, including minors, by their guardians, who are interested in the distribution of the funds, he is liable, in case the demurrer is overruled, for all the costs of the trial, including those incurred in appointing guardians *ad litem* for the infant parties. Revisal, sec. 1264.

**2. Appeal and Error—Costs.**

An appeal will lie from a judgment retaxing the cost of an action when the question is not who shall pay the cost when the principal matter has been settled by compromise or otherwise, but what are the costs, or how much is due from the party taxed with it, or whether one or more items have been erroneously inserted in the bill.

APPEAL by defendant Insurance Company from *O. H. Allen, J.,* at June Term, 1917, of VANCE.

*T. T. Hicks for plaintiff.*
*J. H. Bridgers for defendant.*

WALKER, J. This is a motion in the Superior Court to retax the costs. The case was tried upon a demurrer, which was overruled, and judgment entered against the defendant for the amount of the policy of insurance, upon which this action was brought, and the costs, from which the defendant appealed to this Court, where the judgment of the lower court was affirmed. Defendant contends that it is not liable for

any costs except that which accrued after the judgment, and especially is it not liable for costs of appointing a guardian *ad litem* for the infants, who were claimants of the policy fund.

Neither position is tenable, but both are founded on a misapprehension of the facts and of the law relating to the taxation of costs. The defendant had contested plaintiff's right to recover, and alleged that the fund belonged to the other parties, some of whom at least were minors without general guardian. The infants were necessary parties, as they were interested in the action, even according to the defendant's own contention, and their presence in the suit as parties was more of a protection to the defendant than to the plaintiff. It was necessary to appoint a guardian *ad litem* for them in order to bring them into the case, and it was plainly a distinct advantage to the defendant that they were duly made parties, so that the judgment would bind all claimants, and thus protect the company against being subjected to a second payment. The Court virtually held, in the former appeal at the last term, that they were necessary parties, and that it was no concern of this defendant that there may be a controversy hereafter between the rival claimants, and we adhere to this view.

It is directed by the statute that "Costs shall be allowed to plaintiff upon a recovery . . . in actions of which a justice of the peace has no jurisdiction, unless otherwise provided by law. Revisal, sec. 1264, subsec. 3; *Yates v. Yates,* 170 N. C., 533, and *Williams v. Hughes,* 139 N. C., 17, where it is said: ."The matter of costs is regulated solely by the statute, and the correctness of plaintiff's contention depends, therefore, upon what is its true construction, and must be determined by its meaning. By section 525 of The Code, costs are allowed, of course, to the plaintiff, upon a recovery, in cases of which a justice of the peace has no jurisdiction. This action was of that character, it being one brought for the purpose of subjecting land to the payment of intestate's debts. By section 526, costs are allowed, of course, to the defendant, unless the plaintiff be entitled to recover them. These are the general provisions of the statute relating to the taxation of costs." The plaintiff, therefore, was properly taxed with the costs of the suit, including the items he now contests, unless his case falls within some exception, and this it does not do. Instead of asking that all of the rival claimants be made parties for the purpose of interpleading, and that he be allowed to pay the money into court and be discharged from liability, he chose to litigate the matter and withhold the money. The demurrer was overruled, and defendant was accordingly cast in the suit and adjudged to pay the costs for its false clamor.

We do not see how the ruling of Judge O. H. Allen could be wrong. It was clearly right. There was no interpleader, and could not be, as

this defendant did not surrender the. fund by depositing it in court, but kept it; nor was it without interest and neutral in the controversy, as it leaned toward the side of one of the contesting claimants.

"A simple bill of interpleader cannot be sustained by a person who has lent his aid to further the interest of either of the claimants. Where the party seeking to file a bill of interpleader has so committed himself to one of the claimants of the subject-matter that he does not stand in a position of absolute impartiality between them, he is not entitled to relief by way of interpleader. . . . The object of a bill of interpleader is to protect a claimant standing in the situation of an innocent stake-holder, and when a recovery against him by one claimant of the fund might not protect him against a recovery by another claimant." 23 Cyc., 7 and 8.

It is true that he is under no duty to decide as to the contentions of rival claimants, from whom he is entitled to be protected, and may in good faith bring them and the fund into the court and compel them to interplead. *Pennsylvania R. Co. v. Stevenson,* 63 N. J. Eq., 634.

"A bill of interpleader will not lie where the plaintiff claims an interest in the subject-matter himself. Thus, if an action is brought against an auctioneer for a deposit, he cannot maintain a bill of interpleader if he insists upon retaining either his own commission or the duty. So, also, where an interpleader bill alleged that the interest on a sum secured by a policy is not due from the company by whom the bill was filed, it was held not sustainable. .. . It is essential to an interpleader that the party seeking relief should have incurred no independent liability to either party, and should have acknowledged the title of neither." Bispham's Equity (6 ed.), secs. 421 and 422.

The complainant in a bill of interpleader is not called on to decide disputed questions of fact, nor to resolve doubtful points of law, under penalty of a dismissal of his bill. Having stated his danger, his indifference as between the several claimants, and his willingness to pay, he has done all that he is required to do. *Byers v. Sansom-Thayer Commission Co.,* 111 Ill. App., 575.

Where the subject-matter is money or other property conveniently capable of manual delivery, the bill, perhaps, should ordinarily contain an offer to bring it into court. 23 Cyc., 23; *Parker v. Barker,* 42 N. H., 8; *Bassett v. Leslie,* 123 N. Y., 396; *Freyhan v. Berry,* 49 La. Ann., 305; *A. N. Inst. v. Anderson,* 71 Md., 128; *Look v. McCahill,* 106 Mich., 108; *Blue v. Watson,* 59 Miss., 619; *Supreme Council, etc., v. Dailey,* 61 N. J. Eq., 145. It was held that an offer to deposit the money in court is not always a condition precedent to an order for an interpleader, as added interest to the date of payment may supply its place. *Barnes v. Bamberger,* 196 Pa. St., 123. And further, that a deposit of the thing, the

title to which is in controversy may, in other cases, be dispensed with under some circumstances. *Beebe v. Mead,* 101 N. Y. App. Div., 500 (92 N. Y. Suppl., 51); *Am. Press Asso. v. Brantingham,* 57 N. Y. App. Div., 399 (68 N. Y. Suppl., 285); *Van Zandt v. Van Zandt,* 7 N. Y. Suppl., 706.

We have considered the questions raised, as the defendant had the right to appeal from the denial of his motion to retax, it being reviewable here, the question being not who shall pay the costs where the principal matter has been settled by compromise or otherwise, but what is the costs, or how much is due from the party taxed with it, or whether one or more items have been erroneously inserted in the bill of costs. *S. v. Byrd,* 93 N. C., 624; *Elliott v. Tyson,* 117 N. C., 114; *Morristown Mills Co. v. Lytle,* 118 N. C., 837; *S. v. Horne,* 119 N. C., 853.

The rule as to appeals from a decision on a mere question of costs was thus stated in *Elliott v. Tyson, supra:* "As a general rule, this Court will not hear an appeal when the only matter to be decided is the disposition of the costs. *Russell v. Campbell,* 112 N. C., 404, and cases there cited; *Futrell v. Deanes,* 116 N. C., 38. This is especially so when the subject-matter in dispute has been settled or destroyed and the only matter left to be passed upon is the adjudication of the costs by the court below. Clark's Code (2 ed.), 560. There are exceptions, among them the liability of a prosecutor for costs in a criminal action (*S. v. Byrd,* 93 N. C., 624), and where the very question at issue is the liability to a particular item of costs, as a tax fee, or the like. And of course there is a further exception when the court in which the action was begun did not have jurisdiction. In that case the adjudication of the costs is illegal and reviewable equally with any other judgment." And in *S. v. Horne, supra:* "While this Court will not entertain an appeal to determine who shall pay the costs of an action in which the subject-matter has been disposed of, yet where the question is whether a particular item is properly chargeable as costs, or, taking the case below as rightly decided, whether the costs are properly adjudged, the case is reviewable on appeal."

There is no real merit in the exceptions, as we think the correctness of Judge Allen's ruling cannot well be doubted.

Affirmed.