J. W. WATSON v. J. A. HILTON AND C. R. HICKS.

(Filed 23 November, 1932.)

1. **Judgments F b—Judgment in this case held not erroneous as entitling plaintiff to recover whole award from both tort-feasors.**

   Where the jury has returned a verdict in favor of the plaintiff in an action in tort against two defendants and has awarded damages, a judgment that the plaintiff recover against the defendants and each of them will not be held for error, the judgment being merely indicative of the joint and several liability of the defendants and not entitling the plaintiff to recover the whole sum from each of them.

2. **Execution K a—Execution against the person of defendant in action for malicious prosecution will not issue in absence of actual malice.**

   No execution can issue against the person of a defendant in an action for malicious prosecution in the absence of a finding of express or actual malice, and where the jury's verdict, interpreted in the light of the issues and charge, finds only implied malice, it is error for the judgment of the Superior Court to order that execution against the persons of the defendants issue upon return of execution against the property unsatisfied.

APPEAL by defendants from *Finley, J.,* at April Term, 1932, of MECKLENBURG.

This is an action for malicious prosecution. The jury returned the following verdict:

1. Was the plaintiff caused to be arrested and prosecuted by the defendant, J. A. Hilton, maliciously and without probable cause? Answer: Yes.

2. Was the plaintiff caused to be arrested and prosecuted by the defendant, C. R. Hicks, maliciously and without probable cause? Answer: Yes.

3. What damages, if any, is the plaintiff entitled to recover: Answer: $190.

It was thereupon adjudged that the plaintiff recover of the defendants "and each of them" the sum of $190 and costs, and that upon failure to pay the judgment and the return of an execution unsatisfied, execution issue against the person of the defendants, as provided by law. The defendants excepted and appealed.

*R. Pearson Upchurch for appellants.*
*No counsel contra.*

ADAMS, J. We do not interpret the judgment as signifying that the full amount of the recovery may be twice collected from the defendants.

The words "and each of them" simply indicate the joint and several character of the defendants' liability for the sum assessed as damages. But there is error in that part of the judgment which directs that upon the return of an execution unsatisfied the plaintiff may issue an execution against the person of the defendants. Construing the first and second issues in connection with the charge of the court we find that the answer to each of them may have been and probably was made upon a finding of implied malice. No issue was submitted and no finding appears which shows that the defendants were actuated by express malice. To justify an execution against the person there must be an affirmative finding of express or actual malice. *Swain v. Oakley,* 190 N. C., 116; *Harris v. Singletary,* 193 N. C., 583. No execution therefore, can be issued against the person of the defendants. As thus modified the judgment is affirmed.

Modified and affirmed.