CHARLES W. COCHRAN, JR., AND WIFE, LOUISE K. COCHRAN, v. JAMES B. ROWE.

(Filed 28 November, 1945.)

**Appeal and Error §§ 4, 30e—**

> As a general rule this Court will not hear an appeal when the subject matter of the litigation has been settled between the parties or has ceased to exist, and the only matter to be decided is the disposition of the costs. While there are well recognized exceptions to this rule, where the subject of the litigation—the right of plaintiffs to the immediate possession of certain premises—has been disposed of by the surrender of same by defendant to plaintiffs, there is no exception.

APPEAL by defendant from *Phillips, J.,* at April Term, 1945, of MECKLENBURG. Appeal dismissed.

*McDougle & Ervin for plaintiffs, appellees.*
*Tillett & Campbell and Idrienne E. Levy for defendant, appellant.*

PER CURIAM. Plaintiffs move in this Court to dismiss the defendant's appeal on the ground that the subject matter of the litigation has been disposed of and that nothing remains but a moot question and an adjudication of the costs.

It appears that this was a summary ejectment proceeding under G. S., 42-26, *et seq.,* and that judgment was rendered below, based upon the verdict of the jury, decreeing that the plaintiffs were entitled to the

immediate possession of the described premises. No question of damages or arrears of rent was presented.

It is admitted that since the judgment below was entered the defendant has surrendered possession of the premises to the plaintiffs and the plaintiffs are now in complete possession thereof.

As a general rule this Court will not hear an appeal when the subject matter of the litigation has been settled between the parties or has ceased to exist, and the only matter to be decided is the disposition of the costs. While there are well recognized exceptions to this rule, they have no application here. *VanDyke v. Ins. Co.,* 174 N. C., 78, 93 S. E., 444; *Herring v. Pugh,* 125 N. C., 437, 34 S. E., 538; *Elliott v. Tyson,* 117 N. C., 114, 23 S. E., 102; *Elliott v. Tyson,* 116 N. C., 184, 21 S. E., 106; *Russell v. Campbell,* 112 N. C., 404, 17 S. E., 149; McIntosh, Practice & Procedure, 775. Here the subject of the litigation—the right of plaintiffs to the immediate possession of the premises—has been disposed of by the surrender of the premises by the defendant to the plaintiffs. No other question was raised in the trial below, and the judgment appealed from merely awarded possession to the plaintiffs.

We think the plaintiffs' motion to dismiss the appeal should be allowed, and it is so ordered.

Appeal dismissed.