IN RE ESTATE OF THOMAS.

*R. P. Reade, Redmond B. Dawes, Thomas B. Woody, Jr., and E. C. Bryson for Plaintiff Appellee.*

*Davis & Davis for Defendant Appellant.*

---

IN THE MATTER OF THE ESTATE OF MRS. L. D. THOMAS, DECEASED, CLYDE E. THOMAS, ADMINISTRATOR—MRS. GRACE THOMAS KOEHLER AND MRS. CAROLYN THOMAS DODSON, HEIRS-PETITIONERS.

(Filed 18 April, 1956.)

1. **Appeal and Error § 6—**

   Where, pending claimants' appeal from a judgment adjudicating their right to recover less than the full amount asserted by them, it appears that claimants accepted the amounts adjudicated without objection, the questions raised by the appeal have become academic and the appeal will be dismissed.

2. **Appeal and Error § 35—**

   The rule that the appeal is controlled by the record does not preclude consideration of matters *dehors* the record which disclose that the question sought to be presented has become moot or academic.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by petitioners, Mrs. Grace Thomas Koehler and Mrs. Carolyn Thomas Dodson, from *Phillips, J.,* 15 December, 1955. From STANLY.

*Edward Jerome for Petitioners, appellants.*

*Brown & Mauney for Administrator, appellee.*

PER CURIAM. Exceptions to the final settlement of Clyde E. Thomas, administrator of the estate of Mrs. L. D. Thomas, were filed by Mrs. Grace Thomas Koehler and Mrs. Carolyn Thomas Dodson, beneficiaries of the estate. After hearing the matters raised by these exceptions,

the Clerk entered an order thereon, from which an appeal was taken to Judge Phillips, the resident Judge of the District.

Judge Phillips, after hearing all evidence and argument of counsel, found the facts and thereupon rendered judgment on all the controverted questions raised. The 7th and final section of the judgment was as follows:

"7. That the Clerk of the Superior Court for Stanly County disburse to Mrs. Grace Thomas Koehler and Mrs. Carolyn Thomas Dodson in equal proportions the funds paid into said Clerk's office by the Administrator, to wit: $1009.17 and $70.91, less the court costs and administration expenses accrued in this matter since September 1, 1954, in full settlement of all claims of said parties against the estate of Mrs. L. D. Thomas and the Administrator of said estate."

From this judgment the petitioners appealed to this Court.

Now comes the appellee, Clyde E. Thomas, administrator, and moves that the appeal be dismissed, for that it appears from the certificate of the Clerk of the Superior Court of Stanly County that after notice of appeal had been given, the present counsel for appellants requested the Clerk to pay the amounts adjudged and set out in section 7 of the judgment to Mrs. Koehler and Mrs. Dodson, and that the Clerk thereupon issued checks for the full amount so adjudged to the parties entitled thereto, less the court costs, in accordance with the judgment, and these checks were endorsed by the payees, Mrs. Koehler and Mrs. Dodson, and were paid by the bank on which they were drawn.

Hence it appears that the full amounts set out in the judgment appealed from have been accepted by the appellants without objection, and that the questions raised by the appeal have now become academic. *Cochran v. Rowe,* 225 N.C. 645, 36 S.E. 2d 75; *Savage v. Kinston,* 238 N.C. 551, 78 S.E. 2d 318.

"The rule that the appeal is controlled by the record does not preclude consideration of matters *dehors* the record which disclose that the question sought to be presented has become moot or academic." 6th headnote in *McGuinn v. High Point,* 217 N.C. 449, 8 S.E. 2d 462.

The motion to dismiss the appeal is allowed.

Appeal dismissed.

JOHNSON, J., took no part in the consideration or decision of this case.