WILLIE MacFARLANE v. NORTH CAROLINA WILDLIFE RESOURCES COMMISSION.

(Filed 26 June, 1956.)

**1. State § 3a: Statutes § 10—**

While ordinarily a statute has prospective effect only, the State Tort Claims Act, by express provision, is retroactive as to those claims listed therein. Ch. 1059, sec. 1, Session Laws of 1951.

**2. State § 3a—**

Under the State Tort Claims Act, a claim for damages for injuries proximately caused by negligence of a State employee while engaged in the discharge of his duties as such shall be tried under the common law rules in tort actions founded on negligence as any other claim of like nature between private individuals would be tried, subject to the limitations prescribed in the Act. G.S. 143, Art. 31.

**3. Torts § 9a—**

The release of one joint tort-feasor releases them all.

**4. Master and Servant § 22a—**

When the injured person sues the servant and recovers, he may not thereafter recover against the master a sum greater than the verdict against the servant.

**5. State § 3a—**

Where a person injured by the alleged negligence of a State employee while engaged in the discharge of his duties as such, recovers from the employee an amount in excess of the maximum recovery under the State Tort Claims Act, and releases the employee from any and all other or future liability, his subsequent action against the State under the State Tort Claims Act is properly dismissed.

APPEAL by plaintiff from *Fountain, J.,* February Term 1956, LEE.

Claim for damages for personal injuries under the Tort Claims Act.

In May 1949 one Robert J. Wheeler was employed by the defendant and was operating an automobile with trailer attached which belonged to the State along Highway 1 north of Sanford. He was then about the business of his employer. As his automobile passed the automobile belonging to plaintiff, who was traveling on the same highway, the trailer became detached and crashed into plaintiff's automobile, causing him to suffer serious bodily injury which materially interferes with the discharge of his duties as a professional golf teacher. The accident occurred on 23 May 1949.

Thereafter, on 23 April 1950, plaintiff instituted in the District Court of the United States for the Eastern District of North Carolina an action against the said Wheeler for damages for personal injuries sustained as a proximate result of said collision. The parties to that action

reached a compromise settlement of plaintiff's claim under which Wheeler, or his insurance carrier, paid plaintiff $9,715, and plaintiff executed an accord and satisfaction and full release of the said Wheeler and his insurance carrier for all claims arising out of said accident.

At the meeting of the General Assembly in 1951, a bill was introduced which, if enacted, would have required the State to pay to the plaintiff $25,000 in satisfaction of the damages sustained by him. Bills of like import were introduced in behalf of other claimants. The committee of the General Assembly to which these bills were referred prepared and introduced a bill which was finally adopted, known as ch. 1059, Session Laws 1951. This Act has been codified as G.S. 143, art. 31, and has become known as the Tort Claims Act.

Plaintiff filed his claim with the Industrial Commission which at the hearing ascertained the facts relative to the suit by plaintiff against Wheeler, the employee of the State and the one who was primarily liable. The Industrial Commission, having concluded that plaintiff, by accepting full settlement from Wheeler and in executing a release, had thereby released the State which was liable only under the doctrine of *respondeat superior,* and had accepted as full settlement from the employee an amount in excess of any recovery the Commission could allow the plaintiff in the cause, signed judgment dismissing the action. The claimant appealed to the Superior Court. The findings of fact and the judgment entered before the Industrial Commission were in all respects ratified and affirmed by the court below, and plaintiff excepted and appealed.

*E. C. Bryson* for plaintiff appellant.

*Attorney-General Rodman, Assistant Attorney-General Love,* and *F. Kent Burns* of staff for defendant appellee.

BARNHILL, C. J. Ordinarily an Act of the General Assembly is only prospective in effect. Here, however, the Act is retroactive as to plaintiff and certain others named therein. The newly created court is expressly directed to consider their claims.

The General Assembly in 1951, by adopting ch. 1059, Session Laws 1951, now codified as General Statutes ch. 143, art. 31, granted a qualified or limited waiver of its immunity against suits for personal injury or property damage; created the Industrial Commission a court to hear the cause of any person who claims that he has been injured or his property has been damaged by the negligence of a State employee while such employee is engaged in the discharge of his duties; limits the amount of recovery to a maximum of $8,000; and provides that on appeal to the Superior Court the appeal shall be heard by the judge .

without a jury. It prescribes no rules or regulations to be followed by the newly established court in hearing such claims, nor does it limit or prescribe the procedure except as noted. That is to say, it does not undertake to alter either the substantive or adjective law of North Carolina as applied in this State in cases founded on allegations of negligence except that the claim must originate in the newly established court, must be heard on appeal without a jury, the burden to negative contributory negligence is placed on the claimant, and the recovery allowed must not exceed $8,000.

Except as noted, the law of negligence, contributory negligence, estoppel, the liability of an employer under the doctrine of *respondeat superior,* and other provisions of the law of negligence are not mentioned in the Act. It is apparent then that the General Assembly intended that a claim for damages for injury proximately caused by the negligence of a State employee while engaged in the discharge of his duties as such shall be tried under the common law rules in tort actions founded on negligence as any other claim of like nature between private individuals would be tried, subject to the limitations prescribed in the Act. We must accept this as being implicit in the language of the Act itself.

There is but one alternative: The General Assembly created a new court, granted a limited waiver of immunity, and agreed to submit the State to limited liability, but left the Industrial Commission—the new court—without any standard to guide it in arriving at the amount to be paid. If we accept this alternative, it would mean that we would be compelled to strike down the Act for the reason the General Assembly has not prescribed the standards under which tort claims against the State shall be heard.

Surely the General Assembly did not intend that the new court should make awards in its discretion. It intended that claims shall be decided under some law. If so, then what law?

We are firmly of the opinion—and so hold—that the Legislature intended that the Industrial Commission on the original hearing and the Superior Court on the hearing on appeal are each bound by the law of negligence, both substantive and adjective, as such common law rules and doctrines appear in the numerous decisions of this Court, subject only to the limitations stipulated in the Act.

Under the common law rules, the release of one joint tortfeasor releases all other joint tortfeasors. *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805; *King v. Powell,* 220 N.C. 511, 17 S.E. 2d 659; *Smith v. Thompson,* 210 N.C. 672, 188 S.E. 395. Likewise, when the injured person sues the servant and recovers, he may not thereafter recover against the master a sum greater than the verdict against the employee.

*Bullock v. Crouch,* 243 N.C. 40; *Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366; *Stone v. Coach Co.,* 238 N.C. 662, 78 S.E. 2d 605; *Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570, and cases cited.

Here the plaintiff (1) has recovered from the employee an amount in excess of the maximum he could be awarded against the State, and (2) has released the active tortfeasor from any and all other or further liability. Hence the judgment entered by the court below must be

Affirmed.