ODIS FLETCHER KENDRICK, ADMINISTRATOR OF THE ESTATE OF JIMMY RAY KENDRICK, v. GLENN WINFRED CAIN AND GEORGE E. HADDOCK.

(Filed 2 February, 1968.)

**1. Death § 3—**
    The wrongful death statute, G.S. 28-173, gives but one cause of action for damages for the death of a person and contemplates that damages be recoverable as one compensation in a lump sum.

**2. Torts § 7—**
    A release of one joint tort-feasor releases all.

**3. Appeal and Error § 9—**
    The Supreme Court will not hear an appeal when the subject matter of the litigation between the parties has been settled or has ceased to exist.

**4. Death § 3; Torts § 6—**
    Where plaintiff administrator in an action for wrongful death accepts the sum of money paid over to the clerk of court by one joint tort-feasor

in satisfaction of the judgment rendered against him, plaintiff's action against the other joint tort-feasor is thereby extinguished, and plaintiff may not thereafter appeal from a judgment of nonsuit granted in favor of the other tort-feasor.

**5. Judgments § 47—**

　　Payment to the clerk by the party liable on a judgment discharges the judgment even though the clerk fails to enter the satisfaction thereof upon the judgment index, the judgment debtor being under no duty to require the clerk to make the entries of payment and the clerk being in effect the statutory agent of the owner of the judgment. G.S. 1-239.

. APPEAL by plaintiff from *McConnell, J.,* 3 April 1967 Civil Session of RANDOLPH.

Civil action instituted by the duly qualified administrator of the estate of Jimmy Ray Kendrick to recover damages for wrongful death resulting from a collision between the vehicles operated by defendants Glenn Cain and George Haddock. Plaintiffs' intestate was a passenger in the Haddock vehicle.

Plaintiff's action against defendants, as joint tort-feasors, alleged actionable negligence on the part of each defendant proximately causing the death of plaintiff's intestate.

We do not deem it necessary to recite the evidence.

At the close of plaintiff's evidence, defendant Cain's motion for judgment as of nonsuit was allowed.

The issues submitted to the jury and the verdict thereon are as follows:

　　"1. Was the death of plaintiff's intestate caused by the negligence of defendant George E. Haddock, as alleged in the Complaint?
　　Answer:　Yes.

　　2. What amount, if any, is plaintiff entitled to recover?
　　Answer:　$10,000.00 (Ten Thousand and No/100)."

Judgment was entered on the verdict, and the judgment roll, which is on file in the office of the clerk of superior court of Randolph County and which was made a part of this record on appeal, shows that defendant George E. Haddock caused to be paid into the office of the clerk superior court of Randolph County the sum of $10,000.00, the full amount of the judgment against him, and that thereafter the plaintiff, through his attorney, acknowledged receipt of said funds, and the said judgment roll further shows that the costs of this action, which were charged against defendant Haddock, were paid in full.

Plaintiff apeals as to defendant Cain.

*John Randolph Ingram for plaintiff-appellant.*
*Jordan, Wright, Henson & Nichols for defendant-appellee.*

BRANCH, J.  Plaintiff's action is brought under the wrongful death statute, G.S. 28-173, *et seq.,* against defendants as joint tort-feasors.

Appellee Cain contends that plaintiff can have only one recovery and that when plaintiff accepted the full amount of the judgment entered against defendant Haddock, plaintiff's appeal became moot. The statute (G.S. 28-173, *et seq.*) contemplates only one cause of action, and when the action is brought by the personal representative, the judgment is conclusive on other persons, and the right given by the statute is exhausted. 16 Am. Jur., Death, § 161, p. 103.

Clearly, the statute contemplates that if plaintiff be entitled to recover at all, he is entitled to recover as damages one compensation in a lump sum. *Ledford v. Lumber Co.,* 183 N.C. 614, 112 S.E. 421; *Bell v. Hankins,* 249 N.C. 199, 105 S.E. 2d 642. He is not entitled to recover the whole sum from each of the joint tort-feasors. *Watson v. Hilton,* 203 N.C. 574, 166 S.E. 589.

Although a covenant not to sue, procured by one tort-feasor, does not release the other from liability, *Ramsey v. Camp,* 254 N.C. 443, 119 S.E. 2d 209, it is a well settled doctrine of the law that a release of one joint tort-feasor ordinarily releases them all. *MacFarlane v. Wildlife Resources Com.,* 244 N.C. 385, 93 S.E. 2d 557; *King v. Powell,* 220 N.C. 511, 17 S.E. 2d 659.

In the case of *Sircey v. Rees' Sons,* 155 N.C. 296, 71 S.E. 310, plaintiff, employee of Southern Railway Company, was injured when employer's train was being backed onto defendant's siding. Plaintiff alleged defendant was negligent in placing tan bark so near the track as to cause his injury. The complaint stated facts sufficient to show joint negligence of defendant and the railway company. At the trial, defendant relied on a release given by plaintiff to Southern Railway Company. The trial court dismissed the action. Affirming the decision of the trial court, this Court quoted with approval from Cooley, J., on Torts as follows:

> " 'It is to be observed in respect to the point above considered, where the bar accrues in favor of some of the wrongdoers by reason of what has been received from or done in respect to one or more others, that the bar arises, not from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction, or what in law is deemed the equivalent. Therefore, if he accepts the satisfaction voluntarily made by one, that is a bar to all. And so a release

of one releases all, . . . It is immaterial whether the satisfaction is obtained by judgment and final process in execution of it, or by amicable adjustment without any litigation of the claim for damages. The essential thing is satisfaction. . . ."

Further, as a general rule this Court will not hear an appeal when the subject matter of the litigation has been settled between the parties or has ceased to exist. *Cochran v. Rowe*, 225 N.C. 645, 36 S.E. 2d 75; *In re Estate of Thomas*, 243 N.C. 783, 92 S.E. 2d 201; *Simmons v. Simmons*, 223 N.C. 841, 28 S.E. 2d 489.

In 4 Am. Jur. 2d, Appeal and Error, (3) Acceptance of Benefits of Judgment or Decree, § 250, p. 745, it is stated:

"A party who accepts an award or legal advantage under an order, judgment, or decree ordinarily waives his right to any such review of the adjudication as may again put in issue his right to the benefit which he has accepted. This is so even though the judgment, decree, or order may have been generally unfavorable to the appellant."

Appellant contends that his acceptance of the full amount of the judgment against defendant Haddock did not affect his right to appeal, since the word "satisfied" was not entered upon the judgment index. There is no merit to this contention, since the effect of G.S. 1-239 is to make the clerk the statutory agent of the owner of a judgment, and it is the clerk's duty to pay money received thereunder to the party entitled thereto. The clerk and his surety would be liable to the owner of the judgment for any loss which he might suffer because of the clerk's failure to perform his statutory duty. There is no duty on the party making payment to require the clerk to make an entry on the judgment docket. *Dalton v. Strickland*, 208 N.C. 27, 179 S.E. 20.

In the instant case, the record shows that defendant Haddock paid the sum necessary to satisfy the judgment to the clerk, and the clerk duly paid the sum to the party entitled to it. Thus the plaintiff is not aggrieved by the failure of the clerk to enter the word "satisfied" on the judgment docket.

Here, the subject of the litigation has been disposed of by entry of judgment and satisfaction has been obtained by plaintiff by acceptance of the amount awarded by the judgment. Upon acceptance of the "fruits of the judgment" plaintiff's action against defendant Cain was extinguished.

Appeal dismissed.