Bridges v. Universal Forest Products, Inc.

DOROTHY P. BRIDGES, EXECUTRIX OF THE ESTATE OF PARKS W. BRIDGES, PLAINTIFF v. UNIVERSAL FOREST PRODUCTS, INC. AND ANDY GENE STRICKLAND, DEFENDANTS v. TIMOTHY D. BRIDGES, THIRD PARTY CLAIMANT

No. 8522SC910

(Filed 15 April 1986)

**Appeal and Error § 7— defendants not aggrieved—no right to appeal**

In an automobile passenger's wrongful death action against the driver and owner of a tractor trailer, defendants had no right to appeal orders dismissing their claim for contribution and striking their contributory negligence defenses to plaintiff's claim and to third party defendant's counterclaim against them, notwithstanding the appeal could affect a case between defendants and the third party defendant pending in a federal court, where the original parties settled plaintiff's claim for compensatory damages, plaintiff's punitive damages claim was tried to a conclusion in favor of defendants, and the third party defendant voluntarily dismissed his counterclaim against defendants.

APPEAL by defendants from *Collier, Judge.* Orders entered 23 July 1984, 11 December 1984 and 17 May 1985 in Superior Court, IREDELL County. Heard in the Court of Appeals 4 February 1986.

*Kluttz, Hamlin, Reamer, Blankenship and Kluttz, by Richard R. Reamer, and Jordan, Brown, Price and Wall, by R. Frank Gray, for defendant appellants.*

*Womble, Carlyle, Sandridge & Rice, by Robert H. Sasser, III, for third party claimant appellee Timothy D. Bridges.*

PHILLIPS, Judge.

This wrongful death action for both compensatory and punitive damages arose out of a collision between a tractor trailer operated by the defendant Strickland for the corporate defendant and an automobile in which Parks W. Bridges was a passenger. In answering the complaint defendants denied that they were negligent and pled the defense of sudden emergency. Later, defendants filed a third party claim for contribution against the driver of the car, Timothy D. Bridges, alleging that his negligence contributed to the fatal collision. Still later, by an amendment to their answer, defendants added a defense of contributory negligence, alleging that the negligence of Timothy D. Bridges was im-

putable to plaintiff's decedent, who owned the car. Timothy D. Bridges, after answering defendants' claim for contribution and denying that he was negligent, filed a counterclaim against them for injuries suffered in the fatal collision, in defense of which defendants pled his contributory negligence. The circumstances surrounding the accident, though irrelevant to this appeal, were quite unusual and the validity of the defendants' claim and defenses was challenged by the plaintiff and the third party defendant. Pursuant to their motions Judge Collier, by different orders, struck defendants' claim for contribution and their defenses to both the complaint and counterclaim based on contributory negligence. Then Timothy D. Bridges, the third party defendant who no longer had a contribution claim to defend, voluntarily dismissed without prejudice his counterclaim against defendants. In that setting, defendants settled plaintiff's claim for compensatory damages by paying her $175,000, and the punitive damages claim was tried to a conclusion in favor of the defendants.

Obviously, there is no unresolved issue in *this* case for defendants to appeal and the appeal is dismissed. *Kendrick v. Cain*, 272 N.C. 719, 159 S.E. 2d 33 (1968). The appeal, from the orders dismissing their claim for contribution and striking their contributory negligence defenses to plaintiff's suit and the counterclaim of Timothy D. Bridges, cannot affect this case, which is over and done with. Plaintiff's claims that defendants would resist or obtain contribution for have been judicially resolved to their satisfaction, and the counterclaim of Timothy D. Bridges that they would also resist has been withdrawn and is no longer in the case. The appeal is pursued only because it could affect a case between Timothy D. Bridges and the defendants that is now pending in the federal court. But courts can only determine issues that are before them; they are not licensed to decide abstract questions that may or may not arise in other litigation elsewhere.

Appeal dismissed.

Judges ARNOLD and EAGLES concur.