I respectfully dissent from the majority decision to reverse Deputy Commissioner Morgan S. Chapman's Opinion and Award in the instant matter. The Deputy Commissioner correctly analyzed the competent evidence in this case, applied the appropriate law, and came to the conclusion mandated by the evidence — that plaintiff has not made a prima facie showing that her injuries suffered on April 5, 1994, were due to any negligence on the part of Lonnie Smith. Therefore, plaintiff is not entitled to any recovery.
It is well established law that the North Carolina Industrial Commission, in hearing claims under the State Tort Claims Act, is bound by the same prima facie proof of negligence as in common law negligence. See N.C. Gen. Stat. § 143-291;MacFarlane v. North Carolina Wildlife ReserveCommission, 244 N.C. 385, 93 S.E.2d 557 (1956). The elements of a cause of action based on negligence are: duty, breach of duty, actual causation, proximate causation and damages. See W. Page Keeton et al., Prosser andKeeton on The Law of Torts § 30, at 164-65 (5th ed. 1984) (hereafter "Prosser on Torts").
The evidence presented in the instant case shows that plaintiff was actually injured on April 5, 1994, when a ceiling light fixture lens and frame fell on her through no negligence of her own. Plaintiff was on the telephone in an office that she used one day per week as a Pitt County Social Services worker at the Mental Health Center in Bethel. The Mental Health Center was maintained by defendant East Carolina University Medical School with regard to electrical services and electrical repairs.
Sometime shortly before plaintiff's accident, on a date uncertain, defendant Lonnie Smith, an Electrician II with defendant, entered the building and replaced some of the light bulbs. Mr. Smith's uncontroverted testimony at the hearing before the Deputy Commissioner was that standard operating procedure was to "[p]lace a ladder under the fixture, approach the fixture, release the clips that hold the fixture lens, drop it down, replace two or four bulbs. . . push the lens back in place, and make sure that the clips are fastened on each side."See Transcript of the Evidence [before the Deputy Commissioner] filed July 25, 1997, at 105-106 (hereafter "Tr. at __"). Mr. Smith further attested that he followed the standard operating procedure in replacing the light bulbs in April 1994 and would have reported anything "out of the ordinary" to his supervisor. Tr. at 106-107. Mr. Smith also testified that his job included "running electrical services for equipment that people needed, repairing electrical outlets, changing lights. . . .Any electrical situation like that, then we'd take care of it." Tr. at 98. His duties, however, did not include maintaining the hinges or direct repair of the fixture itself. Tr. at 109, 111. Mr. Smith further testified that there was no evidence of any hinge failure when he worked on the lights in the Mental Health Building in Bethel in April 1994. Tr. at 108.
While Mr. Smith owed plaintiff a duty of due care while replacing the light bulbs in the Mental Health Building in Bethel, he has testified that he followed standard operating procedure and would have reported any irregularities to his supervisor regarding the hinges, had he noticed them. Plaintiff has presented no evidence to the contrary that Mr. Smith had breached his duty. Furthermore, plaintiff has presented no evidence that any alleged breach of duty on the part of Mr. Smith was the proximate cause of her injury. Proximate cause is that which "in natural and continuous sequence, unbroken by any new independent cause produces an event, without which the injury would not have occurred." See Prosser on Torts. Plaintiff has presented no evidence to show that there was an unbroken connection between any alleged negligent action of Mr. Smith and her injury. Plaintiff has only inferred that Mr. Smith was, indeed, the electrician who replaced the light bulbs in the office in question. Plaintiff has presented no evidence whether Mr. Smith was the only electrician to have been in the building in the days before the accident. Several days or more had transpired between the time the light bulbs had been replaced and the time of the injury. A number of people were coming and going into the Mental Health Center in Bethel during that time and may have had access to the office in question.
It is plaintiff's burden to make a prima facie showing of negligence. See Prosser on Torts. While plaintiff has shown that Mr. Smith owed a duty of due care and that the falling light fixture frame and lens was the instrumentality of her injury, she has failed to make a showing of the two most important elements of negligence — that Mr. Smith breached his duty of due care and that any alleged breach was the proximate cause of her injury.
In light of the above, the undersigned is of the opinion that the Deputy Commissioner's Findings of Fact, Conclusions of Law and Order should stand as written.
This ___day of March 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER, DISSENTING
DCS/jlr