***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Decision and Order.
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. Plaintiff was incarcerated on September 15, 1997, by defendant at the Odom Correctional Facility.
2. Plaintiff filed this civil action on June 30, 2000 with the North Carolina Industrial Commission. Plaintiff alleges that on September 15, 1997 he was wrongfully assigned by an Officer to clean a shower when his medical condition prevented such an assignment. He also alleges that his medical condition prohibited him from wearing "steel toed boots." He contends that because he had to wear such boots while cleaning the shower he fell and injured his hip.
3. Plaintiff suffered from a pre-existing necrosis of the hip on the date of his alleged injury. After the incidents alleged in this civil action, plaintiff required surgical correction of his hip.
4. The undisputed evidence is that an officer directed plaintiff to clean a shower in his living unit. Plaintiff protested based on his medical condition. The officer properly telephoned Odom Correctional Facility medical staff. The greater weight of the evidence establishes that the officer was informed by the medical staff that plaintiff's condition did not prohibit the work assignment.
5. After speaking with the medical staff, the officer again instructed plaintiff to clean the shower.
6. Plaintiff complied, dressing his feet with the "steel toed boots" assigned to him by defendant. Plaintiff contends that he could not wear these boots due to his existing medical condition and injuries to his leg; however, he affixed the boots. Plaintiff introduced no evidence, medical or otherwise, to support the assertion that he could not wear the boots assigned to him.
7. Chief Deputy Commissioner Gheen inspected the bottom of similar footwear that plaintiff wore on the occasion. The soles of the boots are rubber with a tread pattern that appears to be well designed for traction on either wet or dry surfaces.
8. According to plaintiff, he filled a five-gallon bucket half full with water and stepped into the shower to rinse soap film from the shower walls. He swung the bucket in an axis around his body to splash water on the shower walls. The motion used was similar to that of a professional boxer wielding a "right cross," except plaintiff completed the rotation much further around his body.
9. Plaintiff fell to the shower floor. Plaintiff testified that he tripped. In his Affidavit, plaintiff asserted that he fell.
10. Plaintiff contends that he injured his right hip. As a result he has to use crutches or a walking cane.
11. A nurse testified that she observed plaintiff engaged in physical activities after his fall, evidence that he had not been seriously injured as a result of the fall. The nurse's testimony was highly credible.
12. Plaintiff subsequently required surgery to correct his preexisting necrotic hip. No competent medical evidence was introduced establishing any link between plaintiff's fall in the shower and the required surgery to the right hip.
13. There was no hidden danger in the shower area that required additional care on the part of the officer. Plaintiff had cleaned showers in the past and nothing out of the ordinary existed on the date of his fall.
 ***********
The forgoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, a plaintiff must allege and prove negligence of a named officer, agent or employee of the defendant agency. N.C. Gen. Stat. § 143-291 et seq; Ayscue v. HighwayCommission, 270 N.C. 100, 153 S.E.2d 792 (1989).
2. Plaintiff has not proven by the greater weight of the evidence that the officer was negligent in assigning him to clean the shower. When plaintiff asserted he was not medically fit to clean the shower, the officer exercised reasonable care in verifying plaintiff was medically able to undertake the work assignment. Therefore, the officer did not breach any duty under the facts and circumstances of this civil action. N.C. Gen. Stat. § 143-291(a).
3. The Tort Claims Act absolutely bars recovery if any claimant is found to be contributorily negligent in causing their own injuries. Huffv. Northampton County Bd. Of Educ., 259 N.C. 75, 130 S.E.2d 26 (1963). Contributory negligence is determined by the ordinary reasonable person standards that apply to litigants in the General Court of Justice. Barneyv. North Carolina State Highway Commission, 282 N.C. 192 S.E.2d 273
(1972); MacFarlane v. Wildlife Resources Commission, 244 N.C. 385,93 S.E.2d 557 (1956).
4. Plaintiff was contributorily negligent in causing his own injuries. The manner in which plaintiff applied the water to the shower walls was an extremely aggressive movement, undertaken on a surface that plaintiff knew was wet and in an area in which soap had been used. The Court of Appeals, in Kutz v. Koury Corporation, 93 N.C. App. 300, 377 S.E.2d 811
(1989), held that a claimant was contributorily negligent as a matter of law where, according to the court, "It is common knowledge that bathtub surfaces, especially when water and soap are added, are slippery and that care should be taken when one bathes or showers." Id. at 304,377 S.E.2d at 813.
 ***********
The forgoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim must be and is hereby is DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 23rd day of February 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/__________ THOMAS BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER